## RIDER v. PORTSMOUTH.

A member of the city councils cannot lawfully vote upon the question of the allowance of a disputed claim against the city, in which he has a direct personal and pecuniary interest. *Dorchester* v. *Youngman*, 60 N. H. 385, distinguished.

ASSUMPSIT, for money paid. Facts found by the court. February 4, 1891, the board of mayor and aldermen of Portsmouth authorized the mayor to employ counsel to look after the interests of the city, as affected by a bill then pending in the legislature and which afterwards became a law (Laws 1891, c. 209). February 19 the board reconsidered its action, and appointed a special committee consisting of two of its members, of whom the plaintiff was one, with the same authority, and with "additional powers . . . in all matters where they are of the opinion it will best subserve the interest of the city or its citizens." The plaintiff went to Concord for the purpose of obtaining changes in some objectionable provisions of the bill, expending for car fares and hotel expenses $11.56. He also paid the further sum of $21.50 for the expenses of three other citizens incurred in going to Concord at his request for the same purpose. The plaintiff seeks to recover these sums.

April 23, 1891, the board of mayor and aldermen ordered certain bills, classed as contingent, to be paid, including the plaintiff's, "when approved by the proper committee." The plaintiff, as chairman of the committee on legislative matters, approved his own bill. Five of the aldermen including the plaintiff (five being necessary to make a quorum) also approved the bill.

The city ordinances (c. 2, ss. 8, 10, 11, 12) provide that the committee on accounts, consisting of two aldermen and one member of the common council, shall examine all claims against the city, and certify the allowance of the same when found correct; that after bills have been certified by the committee and been ordered by the board of mayor and aldermen to be paid, the mayor shall make his draft for the amount required, from which the bills shall be paid by the treasurer.

Verdict for the plaintiff for $11.56 and interest, which the defendants moved to set aside. The plaintiff moved to increase the verdict by including the item of $21.50 and interest.

*Samuel W. Emery* and *John Hatch*, for the plaintiff.

*Ernest L. Guptill* and *Calvin Page*, for the defendants.

SMITH, J. The vote appointing the plaintiff and another alderman a committee gave them authority to do what in their opinion would "best subserve the interest of the city or its citi-

zens " in relation to the bill then pending in the legislature. For personal expenses necessarily incurred in the discharge of their duties each member is entitled to be reimbursed by the city, and each may maintain his separate action for the recovery thereof. The motion to set aside the verdict must therefore be denied.

The vote authorized the committee to act jointly, and if the committee had consisted of more than two members, the consent of a majority would have been necessary to bind the city by its action; but consisting of only two members, the concurrent action of both was necessary for the employment of persons at the expense of the city. It was entitled to action governed by the combined wisdom of both members. The item of $21.50 was authorized by the plaintiff alone. If the other member had been consulted, the plaintiff might have been convinced of the inexpediency of the expenditure.

The next inquiry is, whether the action of the plaintiff has been ratified, or the claim approved. It has not been certified by the joint standing committee on accounts, as required by the city ordinances. It is said in the plaintiff's brief that the committee on accounts had been abolished before the plaintiff's bill was rendered to the city, and that the then existing ordinance required all claims to be laid before the aldermen for approval. The plaintiff presented his claim to that board, and April 23, 1891, the aldermen ordered the plaintiff's bill to be paid when approved by the proper committee. It was not approved by the committee on accounts, nor by a majority of the aldermen without the plaintiff, who was a member of the board.

In *Dorchester* v. *Youngman*, 60 N. H. 385, it was held that a citizen's pecuniary interest in a question of town affairs does not disqualify him from voting upon it. The municipal affairs of the city of Portsmouth are managed by a city council, consisting of a board of aldermen and a board of common councilmen, chosen by the legal voters in their respective wards to represent and act for them in all business matters entrusted by law to the councils. The plaintiff in his capacity as alderman acted as the representative of the people of the city. In all matters where his interest was the same as that of any other citizen his right to vote cannot be questioned. But in a matter where he had a direct personal and pecuniary interest and upon which he was required to act judicially, he was, according to well recognized legal principles, disqualified from acting. He claimed to be a creditor of the city. His claim had never been adjudicated, and the question before the board was whether his claim should be paid. Without his vote there was not a majority in favor of paying it. In *Holderness* v. *Baker*, 44 N. H. 414, it was held that a selectman cannot act for the town in making a loan of its money to himself. We think the doctrine of *Dorchester* v. *Youngman* does not apply to the facts in this case.

The item for $21.50 not having been authorized by the committee, nor approved by any committee nor by the aldermen, cannot be recovered.

*Judgment on the verdict.*

CHASE, J., did not sit: the others concurred.