### RICHARD HARCOURT v. THE COMMON COUNCIL OF ASBURY PARK.

Submitted March 28, 1898—Decided June 13, 1898.

The rule which forbids the delegation of powers granted to a municipal corporation does not apply to the delegation by such corporation of ministerial or administrative functions to subordinate officials. The distinction is between cases in which a discretion must be exercised by the governing body, and the performance of merely ministerial duties by its agents. In the former case the duty committed to the local government cannot be delegated; in the latter case it may act through its authorized officials or agents.

On *certiorari* to review a judgment of a police justice, &c.

Before Justices DEPUE, VAN SYCKEL and GARRISON

For the plaintiff, *Samuel A. Patterson.*

For the defendant, *Hawkins & Durand.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The judgment of a police justice against the plaintiff in *certiorari* is the subject of review in this case.

The ordinance of Asbury Park which he was charged with violating provides " that no person shall deposit any lumber, sand, brick, dirt, stone or other materials in any of the streets and avenues without having obtained from the street committee a permit so to do, which permit, if granted, shall state the conditions and restrictions under which the same is issued, and any person violating this section by not procuring a permit or by violating the conditions of the permit when granted shall, on conviction, forfeit and pay to the council a sum not exceeding $25, in the discretion of the police justice."

The city has full power over streets, including the power " to prescribe the manner in which corporations or persons shall exercise any privileges granted to them in the use of any street, avenue or highway in such city."

The alleged violation by the prosecutor of this ordinance was that on the nights of certain days specified in the complaint he deposited building materials in Fifth avenue, on which he placed no light, contrary to and in violation of the condition of his permit, which required a light to be kept on such materials after dark and until daylight.

The infirmity ascribed to this ordinance is that it is a delegation to the street committee of the power given by the charter to the common council.

There is no force in this objection.  No legislative function is delegated to the street committee; a ministerial duty only is conferred.

The ordinance forbids the deposit of material which will obstruct the use of the streets without a permit from the street committee defining the conditions upon which it may be done.  It would not be practicable to prescribe in an ordinance restrictions applicable to every case.  That must necessarily be left to the discretion of a ministerial officer.

The rule which forbids the delegation of corporate power does not apply to the delegation of ministerial or adminis-

trative functions to subordinate officials. *Tied. Mun. Corp.,* § 113.

The cases cited by counsel of the prosecutor relate to attempts by common council to delegate legislative functions which have been entrusted to it. This distinction between instances in which a discretion must be exercised by the governing body and the performance of merely ministerial duties by its agents is fully recognized in the following cases: *Gillett* v. *Logan County*, 67 *Ill.* 256; *Hitchcock* v. *Galveston*, 96 *U. S.* 341; *Edwards* v. *Watertown*, 61 *How. Pr.* 463; *Gregory* v. *Bridgeport*, 41 *Conn.* 76.

The reasons alleged for reversal—that the complaint does not set forth that the prosecutor placed any obstruction in the street and that the evidence did not show any violation of the ordinance—are not well taken. The complaint alleges that he violated the ordinance by piling building materials on the northeast corner of Fifth avenue and Heck street, on which he did not place a light at night. That is a sufficient averment that the obstruction was placed in the highway, and the proofs made before the police justice support the allegation. The other reasons relied upon by the prosecutor are without merit.

No error being found in the certified proceedings, they are affirmed, with costs.