WILLIAM BURGE, Appellant, v. TOWN OF ROCKWELL CITY.

Municipal Corporations: COMMITTEE OF COUNCIL: ACTS OF:
1   WHEN VALID.   Where a city council appoints a committee to
    perform a municipal act, it cannot bind the corporation ex-
    cept upon notice of the time and place of meeting to all its
    members.

Contract by Committee: MODIFICATION OF: EVIDENCE. A city council
2   appointed a committee of three with full power to procure a
    water supply for the city, and, if necessary, to sink a well.
    The committee made a contract for a well of specified dimen-
    sions.   Subsequently two members, without notice to the
    third, modified the contract with respect to the diameter of
    the well.   Held, such act was invalid and the contract so
    modified was not enforceable.

Appeal from Calhoun District Court.—HON. S. M. ELWOOD,
Judge.

TUESDAY, MAY 19, 1903.

ACTION on contract for the price of sinking a well;
also for the reasonable value of the work done. Judgment
was rendered on a directed verdict for the defendant.
The plaintiff appeals.—Affirmed.

John Newburn for appellant.

E. C. Stevenson for appellees.

LADD, J.—Much of the work by municipalities is ex-
ecuted by committees duly appointed by their governing
bodies.   In matters wherein they act in behalf of the state
for governmental purposes, methods of procedure are
usually, though not always, definitely prescribed.   If the
exercise of legislative discretion is exacted, the power to
act may never be delegated.   Affairs pertaining to the

control of utilities in which the city or town enjoys a proprietary interest are quite generally left to the management of the local authorities, under such methods as they may deem it wise to adopt. In exercising their powers in respect thereto the governing bodies may, in the absence of statutory restrictions, delegate all functions purely ministerial or administrative to committees of their own members, by whose action the corporations are bound as absolutely as though these bodies had acted directly.   *Driscoll v. Ind. School Dist. of Council Bluffs*, 61 Iowa, 466; *Hitchcock v. Galveston*, 96 U. S. 341 (24 L. Ed. 659); *State v. Asbury Park*, 626 N. J. Law, 158 (40 Atl. Rep. 690); *Baily v. Philadelphia*, 184 Pa. 594, (39 L. R. A. 837, 63 Am. St. Rep. 812); *Ecroyd v. Coggeshall*, 21 R. I. 1 (41 Atl. Rep. 260, 79 Am. St. Rep. 741); *Birdsall v. Clark*, 73 N. Y. 73 (29 Am. Rep. 105); 20 Am. & Eng. Enc. of Law, 1219.   Nor is unanimity of such committees required.   In *Sioux City v. Weare*, 59 Iowa, 95, the rule was laid down that "where power is intrusted to two or more, without an express provision that either one alone may exercise it, it can be exercised by the concurrent action of at least a majority." See, also, *Mallory v. Montgomery County*, 48 Iowa, 681; *Rice v. Plymouth County*, 43 Iowa, 136.   If composed of two members only, both must concur.   *Rider v. Portsmouth*, 76 N. H. 298 (38 Atl. Rep. 385.)   In *Murdough v. Revere*, 165 Mass. 109 (42 N. E. Rep. 502), the court held that a part of the members of a committee, by their separate action, not at a meeting of the committee, cannot set aside the formal action of the committee as a whole.   As to whether an agreement of all the members of the committee, acting individually, is binding, see *Shea v. Milford*, 145 Mass. 528 (14 N. E. Rep. 764).   Says Judge Dillon, in his work on Municipal Corporations (section 283): "If all the members of a select body or committee, or if all the agents, are assembled, or if all have been duly

*1. COMMITTEE of council: acts of when valid.*

notified, and the minority refuse or neglect to meet with the others, a majority of those present may act, provided those present constitute a majority of the whole number.. In other words, in such case, a major part of the whole is necessary to constitute a quorum, and a majority of the quorum may act."

Ordinarily all members of a committee should be notified of the time and place of its proposed meeting. Even though a majority will control, the minority ought to have the opportunity of being heard, for no one can say in advance what the effect of full discussion will be. Possibly, where notice would be unavailing, as in the case of absence or physical inability to attend, it may not be essential—a point not necessary now to decide. Certainly, in the absence of all excuse, two of three members of a committee cannot get together, without notice to the third, and undo what the three in former session have agreed upon. The rule is quite clearly stated in *Martin v. Lemon,* 26 Conn. 192: "If the act is merely ministerial in its character, a majority must at least concur and unite in the performance of it, but they may act separately, and need not be convened in a body, or be notified so to convene for that purpose; but if the act is one which requires the act of discretion and judgment, in which case it is usually termed a judicial act, unless special provision otherwise is made, the persons to whom the authority is granted must meet and confer and be present when the act is performed, in which case the majority of them must perform it; or, after all of them have been notified to meet, a majority of them, having met, will constitute a quorum, or sufficient number to perform the act, and, according to some modern authorities, the act may be legally done by the direction or with the concurrence of a majority of the quorum assembled." *Damon v. Granby,* 2 Pick. (Mass.) 345, 359. This decision was subsequent to that of *Gallup v. Tracy,*

25 Conn. 10, where a committee of four was appointed at a town meeting to stake out oyster grounds. One member called two others together, and, by their concurrence, staked out the bed. The other member had been forgotten, and for this reason was not notified. The action of the committee seems to have been upheld on the theory that the statute authorized the members to act *seriatim*. Such, also, appears to have been the controlling reason for a somewhat similar ruling in *Weymouth v. County Commissioners*, 108 Mass. 142. The object in naming several persons as members of a committee is that they may consult, and their action speak the concensus of their combined wisdom. Each should at least be afforded the opportunity to perform his duty, and this is possible only through notification of the time and place of meeting.

II. The evidence adduced tended to show that the council of the defendant authorized its committee on waterworks, composed of Reynolds, Wheelan, and Owens, "to procure a sufficient supply of water for the town, and, if necessary, take the necessary steps to sink a well furnishing an ample supply of water." This committee entered into a written contract with plaintiff "to construct a tubular well eight inches in diameter, and to the depth of five hundred feet, if necessary to procure a sufficient supply of water for the use of the town, said supply and the quantity and sufficiency of the same to be left to the judgment of the committee." The furnishing of materials and price was also stipulated, and the condition added giving plaintiff the right "to reduce the size of said well to not less than a five-inch hole and said reduction is not to be made unless necessary to do so to put down said well." The plaintiff began work soon after May 17, 1900, and continued till August 1st, at which time a depth of about three hundred and fifteen feet had been attained. At that time, according to his testimony, he called the committee together at

*2. CONTRACT of committee: modification of: evidence.*

his tent near the well.    Only Reynolds and Wheelan re-
sponded, and to them he explained that it would be neces-
sary, because of rock, to change from a six and one-fourth
inch to a five and three-sixteenths inch casing, and asked
that, if another reduction in size should be found neces-
sary, he be allowed to use a four and three-fourths-inch
instead of a five-inch casing at the bottom.    To this they
agreed upon condition that he would accompany Reynolds
to Cedar Rapids, and aid him in selecting material, and
inducing the dealer to take back that not used.    This he
did, and five and three-sixtenths-inch and five-inch casing
were procured, with which he reached a depth of four
hundred feet, when shell rock was struck, and it was found
necessary, as he declares, to make use of four and three-
fourths-inch casings.    These he demanded, and, because
of the defendant's failure to furnish them, was unable to
complete his contract by sinking the well to the depth
required.

III.    The resolution of the council contemplated the
sinking of the well under the direction of the committee.
It conferred authority not only to contract therefor, but to
see that its contract was executed.    Its duty was to ar-
range for a well not of any specified size, but which should
produce "a sufficient supply of water for the town."    If,
in accomplishing this, changes in the contract appeared
necessary, it had precisely the same authority to make
them as to enter into the original agreement.    In *Shea v.
Milford, supra,* the court went so far as to hold that a com-
mittee might add to or change the specifications for a
building adopted by the vote of the inhabitants, in order
to remedy defects in them, and to improve them in minor
details, within reasonable limits.    But the evidence fails
to show that alterations were consented to by a committee
as such.    True, plaintiff testified that "he called the com-
mittee" to the site of the proposed well, and asked them
to be permitted to use the four and three-fourths-inch

pipe, but it is manifest that he supposed Reynolds and Wheelan constituted the committee. He refers to them throughout as such. There is no showing that Owens had any notice of a meeting, or knew of it, and he certainly did not attend. Nor does it appear that plaintiff was authorized to call the committee together. As already observed, all members of such committee should be notified of the time and place of its meeting, in order to render the action of the majority of those present binding on the municipality. If, then, Reynolds and Wheelan did consent to the modification of the contract, as contended, the defendant was not bound thereby. The wisdom of this rule is illustrated by the subsequent refusal of the full committee, and also of the council, to consent that the change be made. The plaintiff was without excuse for failing to comply with the contract.

Some rulings on the admissibility of evidence are complained of, but, in view of our conclusion, these were not prejudicial.—AFFIRMED.