# No. 4335.

## (Court of Appeal, Parish of Orleans.)

## JOHN T. WILLIAMS VS. J. B. HICKEY ET ALS.

1. A suit to avoid a contract of sale of real property instituted by a judgment creditor against his debtor and the latter's vendee, whether the suit be the revocatory action or the action en declaration de simulation, is one involving "title to an immovable property."

2. The Civil District Court for the Parish of Orleans has exclusive original civil jurisdiction in all suits involving title to immovable property, hence, such actions may not be instituted in the City Court of the Parish of Orleans.

Appeal from First City Court, Division C.

H. Kenner, for Plaintiff and Appellant.

H. G. Stewart, for Defendant and Appellee.

MOORE, J.—Plaintiff, a judgment creditor of one of the defendants, J. B. Hickey, in the sum of $95.10, sought by his suit in the First City Court of New Orleans to have the sale of certain immovable property sold by the judgment debtor to the other defendant declared "fraudulent * * * and liable to seizure and sale in execution of petitioner's judgment."

A plea to the jurisdiction of the Court having been filed and sustained, plaintiff appeals.

Art. 143 of the Constitution of 1898 provides that the First City Court shall have exclusive jurisdiction * * * in all cases where the amount in dispute or the funds to be distributed does not exceed One Hundred Dollars, exclusive of interest, including suits for the ownership or possession of movable property not exceeding that amount in value * * *.

But Art. 135 Ibid invests the Civil District Court of New Orleans with "exclusive original civil jurisdiction * * * in suits involving title to immovable property."

If plaintiff's suit involves "title to the immovable property in question, it is clear that the challenge to the jurisdiction of the First City Court is well founded.

It is contended by appellant's counsel that decision as to whether the instant cause involves any question of title to the

immovable, turns upon the conclusion that may be reached as to the nature of the suit, the cause of action alleged.

The argument is, substantially, that if the cause of action in the instant case be *en declaration de simulation,* one which seeks to remove that which has no real existence and is but a shadow on the title (*corpus sine anima, extrinsecus apparens, intrinsecus nihil habens*), and if the immovable exceeds in value, as it does in the instant cause, an amount beyond the highest jurisdictional limit of the First City Court, that court may then have no jurisdiction in the matter. But if the allegations in the petition evidence the action to be the *actis pauliana* of the Roman Law—the revocatory action—which plaintiff and appellant contends the present action is, then it is that, as the contract will be avoided only to the extent that it affects the complaining creditor, the amount of the judgment and not the value of the property is to be considered in determining whether the court has jurisdiction or not; and that if the amount of the judgment be within the constitutional limits of the First City Court, then the Court has jurisdiction.

The many decisions of our Supreme Court, and of the Court determining the question of *appellate* jurisdiction in cases of the nature of one or the other of these two causes of action, are cited to us as sustaining appellant's contention herein.

The view which we take of the case renders it unnecessary for us to consider whether the present action is either the revocatory action or one *en declaration de simulation,* or both alleged in the alternative, forasmuch as the suit, be it of either character, is a "suit involving title to immovable property." Con. Art. 143.

The purpose of either action is unquestionably, we might say *solely,* to test the validity of the title to property conveyed by the judgment debtor to another. That the effect of the judgment to be rendered in the one case does not absolutely affect the whole title of the vendee, whilst in the other case it does, is a matter which concerns only the *extent* to which the title is involved.

An examination of the authorities will show that in dealing with this class of cases, whether the action be one or the other, or both combined, the Supreme Court invariably refers to them as cases involving "title."

We cite a few at random:

In Johnson vs. Meyer, 30 A. 1203, a case in which both causes

of action were alleged, the Court said: "If the purchaser's *title* is an honest one, it is better for him that the *double test* be applied in one instead of two suits," and this expression is quoted and approved in Mackey vs. Schultz, 38 A. 385-6. "The *title* under the sale is attacked." Godshaw vs. Judge, 38 A., 645.

"A judgment (in an action en declaration de simulation) would determine the *title to the property* as to the whole world." Chaffe vs. De Mors, 37 A. 187. In Zuberbier & Behan vs. Morse, 36 A 970, the Court said: "The effect of the judgment in a revocatory action does not absolutely affect the *validity* of the *whole title of the vendee* in the sale. * * * His (the vendee's) *title to the property* quoad third persons would not be in the least affected by the judgment in favor of plaintiffs."

In summarizing the decisions of the Supreme Court on the subject, Hennen, in his "Digest," Vol. II, p. 1031, refers to these actions as involving title. He says: "But where an *actual title* has passed, accompanied with possession, no relative nullities, not even those resulting from fraud, can be enquired into collaterally, the creditor *cannot test the validity of such titles* by seizure, etc," and a great number of authorities are cited where this expression, in varying forms, is employed by the Court.

A fundamental error of appellant's argument is that it is predicated on the theory that the test of jurisdiction of the First City Court, in all cases, is the "amount involved or the fund to be distributed," ignoring the fact that there are a great many legal actions which that court may not take jurisdiction of, whatever may be "the amount involved or the fund to be distributed." and that among the number are "suits involving title to immovable property," *exclusive* original jurisdiction in such suits being vested in the Civil District Court. Con. Art. 135.

We need scarcely call attention to the fact that the decisions of the Supreme Court and of this Court, as to the test of appellate jurisdiction in cases where the title of property is set aside in toto, or only to the extent of the debt of the complaining creditor, have no possible application to the question presently considered.

There is not excluded from appellate jurisdiction suits involving title to immovable property. Where an appeal is taken from a judgment in such suits the jurisdiction of the Court to which the appeal is taken is determined by the amount involved.

The "amount involved" in the revocatory action is the amount of the judgment of the attacking creditor. In the action *en declaration de simulation* the amount involved is the value of the property. This would be the rule applicable to the First City Court in cases of the character of the instant cause were it not that jurisdiction in such cases is vested exclusively in another court by the Constitution.

There is no error in the judgment appealed from, and it is affirmed.

June 15, 1908.

Rehearing refused June 22, 1908.

Writ denied by Supreme Court Aug. 18, 1908.