VAN BUREN LIGHT & POWER COMPANY

*vs.*

INHABITANTS OF VAN BUREN.

Aroostook.  Opinion February 19, 1920.

*Municipalities.  Right of towns to authorize a committee or other agency to act instead of selectmen.  Rule as to a municipality being held liable upon an implied contract.  Rule if there was then an existing express contract in full force and effect.  Rule as to a municipality ratifying a contract which is void on account of being ultra vires.  Doctrine of res judicata.*

Action of assumpsit for street lights supplied between April 1915 and April 1917. Recovery is claimed under an express contract, and if not under such express contract then under an implied contract.

The express contract was authorized if at all, by Special Legislative Act of 1909, Chap. 88, being the plaintiff's charter.  The charter empowered the defendant town to enter into such a contract by its selectmen.  The contract sued on was a contract under seal made and entered into, not by the selectmen, but by a committee appointed at a town meeting.

*Held:*

As to this branch of the case, that the town might have by vote agreed upon the terms of the contract and authorized a committee as a mere instrumentality to execute it.  This is so held in the case of *Winterport* v. *Water Co.,* 94 Maine, 215.

But the defendant town undertook to authorize a committee to enter into the contract and agree upon all its terms.  This was in violation of the limitation contained in the charter which was the town's only enabling act.  The charter empowered the town to enter into a contract by its selectmen.  The contract entered into by a committee was not binding on the town.

For a further reason, it is held, that the present action cannot be maintained on the express contract. The action is in assumpsit. The contract is under seal. For breach of a sealed contract, only actions of debt or covenant can be maintained. But the declaration contains a count on account annexed, and the plaintiff claims under this count to recover for electric street lights supplied for which the town has had the benefit. As to a part of the lights thus supplied the defendant sets up the defense of res adjudicata. It is alleged and proved that a part of the items sued for, viz: Those bearing date prior to March, 1916, were involved in prior suits brought by the company against the town in which judgments were rendered for the defendant. As to lights supplied after March 1916, the defendant denies liability on implied contract by reason of non-assent on the part of the town or its officers, the streets being then lighted by another system.

*Held:*

That the defense of res adjudicata must prevail. The prior actions were for the same cause. The same issues were or might have been tried. Held also, that as to lights furnished after March 1916, no implied contract was shown.

Action of assumpsit to recover money alleged to be due for furnishing electricity and appliances to defendant town. Defendant filed plea of general issue; also brief statement. By direction of court, verdict was rendered for defendant. To the order and ruling of presiding Justice, plaintiff filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*Shaw & Thornton,* for plaintiff.

*George J. Keegan, Archibalds, and Powers & Guild,* for defendant.

SITTING: CORNISH, C. J., HANSON, DUNN, WILSON, DEASY, JJ.

DEASY, J. Action of assumpsit brought to this court on exceptions to the ruling of the presiding Justice directing a verdict for the defendant.

STATEMENT OF CASE.

The plaintiff corporation was chartered by special Act of 1909, Chapter 88. The portion of said act material to this case is a part of Section 5, as follows:

"Said corporation is hereby authorized to make contracts with the towns of Van Buren and Hamlin, relative to lighting the streets of said towns and for other public purposes, corporation or corporations, and individuals . . . . and said towns and said corporations

and individuals are hereby authorized to enter into such contracts with the Van Buren Light & Power Company, *the towns by their selectmen*, and other corporations by their President and Directors or other officers."

At a town meeting held on June 9, 1911, it was voted to authorize the selectmen to contract with the company. A part of the selectmen were stockholders. For this reason the vote of June 9th was afterward rescinded. No rights are claimed under the vote passed at this meeting.

Another town meeting was held on July 19, 1911. It is not questioned that this meeting was duly called by a warrant containing appropriate articles, or that a quorum of voters was present. At this meeting it was voted "to contract with the Van Buren Light & Power Company for lighting the streets of said town of Van Buren village," and voted "to choose a committee of three on behalf and as agents of said town of Van Buren to contract with the Van Buren Light and Power Company for lighting the streets of said Van Buren village." At the same meeting Fred J. Parent, Auguste Violette, and O'Neil Levasseur were chosen as a committee to make the contract.

The committee thus chosen entered into a fifteen year contract with the company, which is the contract in suit. The case shows that in pursuance of the contract the company installed its plant, furnished light as required by the contract, and down to April 1, 1915, was paid the stipulated compensation, but that since that date, while the company has supplied light as set forth in the account annexed, nothing has been paid.

The declaration contains a count on the contract entered into by the committee and an account annexed for lights and small items supplied between April and June, 1915 and between Nov. 1915 and April 1917. It also contains common counts.

LIABILITY ON EXPRESS CONTRACT:

The defendant contends that the contract is not binding on it because in making the contract the town acted by a committee and not by the selectmen, as provided by Section 5 above quoted.

In effect the charter reads: "The town is authorized to contract by its selectmen." This language imposes upon the town no duty to contract. It confers a power to be exercised at the option not of the selectmen, but of the municipality. The power lies dormant until vivified by a vote of the town.

Having determined to exercise its power a town thus authorized may go further and by vote settle all the terms and conditions of the contract. In such case it may employ any hand to execute it. A committee other than the selectmen may be appointed for this purpose. *Winterport* v. *Water Co.*, 94 Maine, 215.

But it is not essential that the town by vote agree upon the details of the contract. It may do this through agents. Governmental powers cannot be delegated. But negotiating and agreeing upon a contract is not a governmental but an administrative function which may be delegated. It is a "mere business act and in its power to perform it the city differs in no respect from an ordinary business corporation, or an individual and it may delegate the power to perform such acts to agents or committees." *Kramath* v. *Albany*, 127 N. Y., 580; *Biddeford* v. *Yates*, 104 Maine, 506; *Reuting* v. *Titusville*, (Penn.), 34 At., 918; *Burge* v. *Rockwell*, (Iowa), 94 N. W., 1103; *Burlington* v. *Dennison*, 42 N. J. L., 167.

But the right of delegating its powers to agents is by the charter now in question limited and restricted. Only the selectmen may be so employed. If the town had made its contract and by vote settled its terms, a committee could have been appointed as a mere instrumentality to execute it. Instead it elected to enter into the contract by agency. It disregarded the limitation contained in the charter. The contract made by the committee was not binding on the town.

It is urged that by force of the general statute (R. S. of 1903, Chap. 4, Sec. 76) the contract is valid. This general statute authorizes municipalities to make contracts for municipal lighting for terms of years and contains no limitation or direction as to the agency through which they may act.

But the charter of 1909, being the later and more specific expression of the legislative will, controls if the general law is inconsistent with it. *Isham* v. *Bennington Iron Co.*, 19 Vt., 248; *Camp* v. *Wabash R. Co.*, (Mo.), 68 S. W., 98; *Hartig* v. *Seattle*, (Wash.), 102 Pac., 410; *State* v. *Valentine*, (Tex.), 198 S. W., 1009; *Rankin* v. *Gaslon County*, (N. C.), 92 S. E., 719; *Sutherland on State Construction*, 2nd Ed., 465, 36 Cyc., 1094; *Rodgers* v. *United States*, 185 U. S. S. C., 83, 46, 2nd L., 819; *Dahnke* v. *People*, (Ill.), 48 N. E., 140.

ALLEGED RATIFICATION:

It appears that at an annual town meeting held subsequently to the execution of the contract a vote was passed to approve and accept it. But there was no article in the warrant for the meeting upon

which such vote could be legally based. The only article shown in evidence was "Art. 19 To transact all other business." This was clearly insufficient to support the vote of ratification. *Lovejoy* v. *Foxcroft*, 91 Maine, 370.

FORM OF ACTION:

But for another reason the present action cannot be maintained upon the special count. The declaration is in assumpsit. The contract relied upon to support it is executed under the seals of both parties thereto. For breach of such a contract only an action of debt or covenant will lie. *Dunn* v. *Motor Co.*, 92 Maine, 168; *Drew* v. *Western Union Telegraph Company*, 111 Maine, 346.

IMPLIED CONTRACT:

The plaintiff however contends that the town having enjoyed the benefits of the companys service is liable on an implied contract, and that damages for breach thereof may be recovered in this action of assumpsit.

Undoubtedly a municipal corporation may be held liable on an implied contract without a vote, deed or writing expressly binding it.

*Farwell* v. *Rockland*, 62 Maine, 301; 28 Cyc., 667; 27 L. R. A., (N. S.), 1124.

To this proposition there are however qualifications:

"Where an express contract remains in full force, one is never implied by law."

*Charles* v. *Dana*, 14 Maine, 387; *Holden* v. *Westervelt*, 67 Maine, 449; *Nat'l Bank* v. *St. Clair*, 93 Maine, 38.

"When the act done is ultra vires it is void and there can be no ratification and when the mode of contracting is limited and provided for by statute an implied contract cannot be raised" i. e. without conforming to the statutory limitation: "But a corporation like an individual is liable upon a quantum meruit when it has enjoyed the benefit of the work performed or goods purchased, when no statute forbids or limits its power to make a contract therefor."

*Kramath* v. *Albany*, 127 N. Y., 581; *Howell Elec. Co.* v. *Howell*, (Mich.), 92 N. W., 941; *Nelson* v. *New York*, 63 N. Y., 544; *Lesieur* v. *Rumford*, 113 Maine, 323.

The plaintiff contends that the express contract is clearly not ultra vires; that the limitation contained in the charter, unheeded in the making of the special contract, does not prevent recovery upon implied contract for lights furnished to and enjoyed by the town, and that the express contract, being unenforceable for reasons herein set

forth, a contract is implied to pay the reasonable value of all benefits received by the municipality with the assent of its officials authorized to contract. 19 R. C. L., 1060, 1075.

To this argument the defendant replies that as to light furnished between April 1, 1915 and March 1, 1916 the action is barred by prior adjudications, and as to that furnished after March 1, 1916 the elements of benefit and assent are both absent.

RES JUDICATA:

As to light supplied between April 1, 1915 and March 1, 1916 the defendant sets up the defense of res judicata. The evidence shows that two actions of assumpsit on account annexed were brought respectively in January and March, 1916 by the Van Buren Light & Power Co. against the inhabitants of the Town of Van Buren; that the items sued for were the same as those bearing date prior to March 1916 set forth in the writ in the pending case, that the cases were reported to the Law Court and judgments rendered for the defendant in both. 116 Maine, 119.

In any suit at law or in equity a judgment by a court of competent jurisdiction in a prior action between the same parties or their privies for the same cause of action is, conceding regularity and absence of fraud, conclusive as to all issues actually tried, or that might have been tried therein.

If for a different cause of action it is conclusive as to matters actually litigated

*Corey* v. *Independent Ice Co.,* 106 Maine, 494; *Blaisdell* v. *York,* 115 Maine, 351; *Emerson* v. *Street Railway,* 116 Maine, 63; *Harrison* v. *Remington Paper Co.,* 140 Fed., 400.

It is obvious that in this case the defense of res judicata is sustained. The prior actions were for the same cause. The same issues were or might have been tried.

As to items furnished after March, 1916 there is no evidence of implied promise. Before that time the town had for nearly a year refused payment; for about five months, to wit, June to November the current had been shut off. The streets were after Dec., 1915 lighted by another electric plant.

There was no implied promise to pay for the duplicate lighting system maintained by the plaintiff evidently without the request or consent of the town officers.

*Exceptions overruled.*