VILLAGE OF RIDGEFIELD PARK, A MUNICIPAL CORPORA-
TION OF THE STATE OF NEW JERSEY, ET ALS.,
PLAINTIFFS - RESPONDENTS, v. BERGEN COUNTY
BOARD OF TAXATION, ET ALS., DEFENDANTS-APPEL-
LANTS.

Argued June 13, 1960—Decided June 28, 1960.

*Mr. Milton T. Lasher* argued the cause for appellants County of Bergen and Charles B. Bleasby, County Treasurer.

*Mr. Theodore I. Botter,* Deputy Attorney General, argued the cause for appellant Bergen County Board of Taxation (*Mr. David D. Furman,* Attorney General, attorney; *Mr. Theodore I. Botter,* of counsel).

*Mr. William R. Morrison* argued the cause for respondents (*Messrs. Morrison, Lloyd & Griggs,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J. We granted certification to review a partial final judgment ordering the county treasurer to refund to Ridgefield Park the sum of $192,912.58, being the moneys it had paid to meet its apportioned share of the county tax for the year 1959. 33 *N. J.* 113, 162 *A.* 2d 340 (1960). The trial court's opinion appears in 61 *N. J. Super.* 170 (*Law Div.* 1960).

This cause was recently before us upon appeals from interlocutory orders. *Village of Ridgefield Park v. Bergen County Board of Taxation*, 31 *N. J.* 420 (1960). We there held that if plaintiffs sustained their charges, a judgment should be entered with respect to future tax years ordering the assessors of the other municipalities of the county to assess real and personal property at true value in accordance with the controlling statutes. With respect to taxes for the year 1959, we there held (31 *N. J.*, at *p.* 427):

"Defendants correctly challenge plaintiffs' attempt to attack directly in these proceedings the equalization table (*R. S.* 54:3–17 to 19), the apportionment valuation (*N. J. S. A.* 54:4–49), and the table of aggregates (*N. J. S. A.* 54:4–52) made and prepared by the county board for the purpose of allocating the cost of county government for the year 1959 and to restrain the collection of taxes for that year. The reason is not the adequacy of an administrative review to reach the basic vice of unequal assessments of the underlying individual properties. An administrative review of the county board's work is no more adequate to that end than are the other administrative procedures to which we referred above in reaching the conclusion that a *mandamus* may issue without prior recourse to them. Rather the compelling reason is that government must function and to that end must have funds. It would be quite extraordinary to enjoin in a wholesale fashion the assessment or collection of taxes where the properties are lawfully taxable and the infirmity is claimed to reside in the valuation process. See in general, 51 *Am. Jur., Taxation*, § 1218, *p.* 1039. This essential public policy is reflected in *N. J. S. A.* 54:2–37, which provides that the review of the county equalization table by the Division of Tax Appeals 'shall not suspend the apportionment of moneys or collection of taxes.' The remedy for the alleged inequity cannot be one which will deny the public the vital services it needs. The question of a subsequent credit either under statute or judicial principle is of course another matter."

Despite the foregoing, the trial court upon remand adjudged the equalization table and the table of aggregates for the year 1959 to be unconstitutional and void insofar as they relate to Ridgefield Park; made a like determination with respect to the apportionment of the county tax for that year; and ordered the repayment to Ridgefield

Park of the full amount of the county tax apportioned to the village for that year. The effect is to relieve that municipality of all liability for the cost of county government and indeed to retain moneys it had collected from taxpayers for the benefit of the county.

Clearly the judgment before us does not comply with our mandate.

 In support of the present judgment, emphasis is placed upon the trial court's finding that the county board failed to equalize the aggregates of personal property assessments. We have already dealt with that subject. In *City of Passaic v. Passaic County Board of Taxation,* 31 *N. J.* 413 (1960), decided on the very day of our decision in the first appeal in the present case, we concluded that although the county board was required by statute to equalize the aggregates of real property assessments, yet, for the reasons there stated, the board had to accept the aggregates of personalty without equalization. As to the contention that the inclusion of the aggregates of personal property without equalization would offend constitutional limitations, we said, and we here repeat for the guidance of the trial court with respect to other issues as yet unconcluded by judgment in this case (31 *N. J.,* at *p.* 419):

"What we have just said disposes of any conceivable constitutional objection. The Legislature need not refrain from achieving a measure of equality where it can merely because its technique is not serviceable throughout the apportionment basis. Absolute equality in taxation is a practical impossibility. *Borough of Totowa v. Passaic County Board of Taxation, supra.* (5 *N. J.* [454], at *page* 464). As we have said, the inequality of which the city complains is not the product of the statute. Rather it is the product of the failure of assessors to comply with the legislative mandate. If it be assumed the resulting inequality in operation presents a constitutional problem, it is sufficient to say the appropriate remedy is one addressed to the underlying failure, and that remedy is available, as we have this day held, *Village of Ridgefield Park v. Bergen County Board of Taxation,* 31 *N. J.* 420, in the form of an action to compel the local assessors to discharge their duties."

Indeed our earlier opinion in the present case contained a specific cross-reference to *City of Passaic* (31 *N. J.*, at *p.* 431).

To recapitulate, the equalization table for 1959 and the apportionment of the county tax for that year could be reviewed as such only in the administrative process; and with respect to a claimed inequity for the year 1959 which was beyond relief by way of administrative review, Ridgefield Park can at most seek a credit against a future apportionment in such amount as it shows to be in excess of the share it would have owed if the statutory provisions had been honored by the local assessors within the county.

We cannot agree that the Constitution requires the claimed inequity to be rectified only by nullification of the apportioned tax with the governmental chaos which would ensue. The appropriate course, as held upon the first appeal, is to seek a credit in another year for the overcharge. We are not unmindful of the problems of proof in demonstrating the amount of the claimed excess, but the answer lies in a common sense approach to the sufficiency of the required showing, and not in a destruction of tax revenues.

The judgment under review is accordingly reversed and vacated in its entirety and the matter remanded for further proceedings in accordance with this and our prior opinion. We understand from the oral argument that at some stage a companion action between the county treasurer and Ridgefield Park (see *Bleasby v. Jones*, 57 *N. J. Super.* 316 (*Law Div.* 1959), certif. granted and cause remanded for further proceedings 31 *N. J.* 552 (1960)), was consolidated with the present action. Our determination here of course also controls that other proceeding.

*For reversal*—Chief Justice WEINTRAUB, and Justices BURLING, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.