HOPKINS, J. T. C.
This is an appeal from assessments of additional parking taxes as follows:
Period Amount
2nd Quarter, 1972 $ 293
3rd Quarter, 1972 261
4th Quarter, 1972 288
1st Quarter, 1973 261
2nd Quarter, 1973 300
3rd Quarter, 1973 282
4th Quarter, 1973 288
1st Quarter, 1974 168
2nd Quarter, 1974 190
3rd Quarter, 1974 198
Total $2,529
N.J.S.A. 40:48C-6 et seq. authorized defendant to enact an ordinance imposing a tax, not to exceed 15%, on fees for parking, garaging and storing motor vehicles. Pursuant thereto defendant enacted an ordinance imposing a tax on parking receipts effective February 20, 1971. Plaintiff, who operated a parking lot in the City of Newark, filed parking tax returns for the quarterly periods commencing with the second quarter of 1972 through the third quarter of 1974.
An audit was conducted of plaintiff’s business operations to determine whether he was correctly reporting the tax receipts. *325 The auditor, after determining that plaintiff was not keeping adequate records for the purpose of an audit, proceeded to recompute the tax liability by counting the number of cars parked in the parking lot at stated periods. That count was then used to ascertain an average number of cars parked and, after allocating a certain number of such cars as being parked at the monthly rate, the auditor then concluded that the balance were parked at the full-day rate. Multiplying the estimated, daily receipts by the number of parking days within a quarterly period, the auditor determined that there was an understatement of parking tax by the amounts hereinbefore detailed.
N.J.S.A. 40:48C-38, which is applicable to parking tax appeals, reads as follows:
Any aggrieved taxpayer may, within 3 months after any decision, order, finding, assessment or action of the chief fiscal officer of any municipality adopting an ordinance hereunder, appeal to the Division of Tax Appeals by filing a petition of appeal with said division in the manner and form prescribed by the said division and upon payment of the amount stated by said chief fiscal officer to be due. The appeal provided by this section shall be the exclusive remedy available to any taxpaj or for review of a decision of the chief fiscal officer in respect of the determination of a liability for the taxes imposed hereunder.
Defendant’s contention is that the action by plaintiff should be dismissed as he failed to pay the additional assessments as a prerequisite to the subject appeal. Plaintiff, however, charges that the subject assessments were not made by the chief fiscal officer for Newark and, as such, the assessments are invalid and, in any event, incorrect.
The statutes authorizing the imposition of the parking tax provide that all taxes collected pursuant to the ordinance shall be remitted to the chief fiscal officer of the municipality. N.J.S.A. 40:48C-7(d). The chief fiscal officer of the municipality may certify to the clerk of the Superior Court that a person is indebted under such ordinance in the amount that shall be stated on the certificate, and such certificate shall be entered in the record of documented judgments of that court and, as such, have the same force and effect as a judgment. N.J.S.A. 40:48C-36.
*326 The parties agree that the chief fiscal officer for the City of Newark is the Director, Department of Finance. Further, the assessment notices sent to the plaintiff were signed by one Arthur Dornbush, as “Assessor — City of Newark.” Dornbush was the Supervisor of Tax Services in a department designated as Special Taxes. His particular group was directly under the supervision of the Tax Collector for the City of Newark who, in turn, was head of one of several subdivisions in the office of the Director, Department of Finance. The record shows that all actions leading up to the subject assessments were taken in the Special Taxes Department and that the adjustments resulting in the additional tax were not discussed with any of Dornbush’s superiors. Further, the practice of having Dornbush, or his assistant, authorize the assessments and sign the assessment notices was one which had been in existence prior to Dornbush assuming that position. That practice was orally authorized initially and has never been reduced to writing.
The power of taxation is vested in the Legislature. Municipalities have no such power, except to the extent plainly delegated to them by the Legislature. Salomon v. Jersey City, 12 N.J. 379, 383, 97 A.2d 405 (1953). In the subject instance the Legislature has authorized defendant to impose a parking tax. Such legislation also permitted an appeal from any decision, order, finding, assessment or action of the chief fiscal officer of any municipality adopting a parking tax ordinance. The question here presented is whether an action by a subordinate in the office of the chief fiscal officer for the City of Newark, without discussion or review by the chief fiscal officer, can constitute a valid assessment.
Where tax statutes do not contain any provisions providing for the delegation of authority by officials primarily charged with administering tax statutes, the existence of such authority is usually made to depend upon whether the particular act or duty sought to be delegated is ministerial or, on the other hand, discretionary or quasi-judicial in nature. Where this distinction is observed, it is generally held that ministerial duties *327 may be delegated without specific authority. Annotation, “Extent of power of tax commission or other officials primarily charged with duty of administering tax statute to deputize or delegate to others matters relating to computation of tax or extent of taxpayer’s liability,” 107 A.L.R. 1482 (1937).
The term “quasi-judicial” has been applied to the action, or discretion, of public administrative officers or bodies who are required to investigate facts, or ascertain the existence of facts, hold hearings, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature. Black's Law Dictionary (5 ed. 1979), 1121. Assessors exercise quasi-judicial authority when property is to be taxed by value, and that value must be determined by their judgment. Ridgefield Park v. Bergen Cty. Bd. of Tax., 61 N.J.Super. 170, 215-216,160 A.2d 316 (Law Div.1960), rev’d on other grounds 33 N.J. 262, 163 A.2d 144 (1960), app. dism. 365 U.S. 648, 81 S.Ct. 834, 5 L.Ed.2d 857 (1961).
In the subject case it is obvious that a recomputation of the tax liability occasioned by a disbelief in the figures reported by plaintiff and a reconstruction predicated upon estimates of automobiles parked during the tax periods, called for a judgment of a quasi-judicial nature. The Legislature recognized the seriousness of the action when it permitted it to be the basis of a certificate which the chief fiscal officer of defendant could have recorded with the same force and effect as a judgment.
In State Tax Comm’n of Utah v. Katsis, 90 Utah 406, 411-12, 62 P.2d 120,122 (Sup.Ct.1936), the court passed upon the nature of an increased sales tax assessment implemented by an auditor without review or action by the tax commission which was authorized by law to make such assessments. It held that the action was quasi-judicial in nature and not the act of the commission which was authorized to take such action, and, as the action could not be delegated to the auditor, the assessment was invalid. In so deciding the court relied, in part, on Jewell Belting Co. v. Village of Bertha, 91 Minn. 9, 97 N.W. 424 (Sup.Ct.1903), which case had cited Harcourt v. Common Coun *328 cil, 62 N.J.L. 158, 159, 40 A. 690 (Sup.Ct.1898), for the proposition that merely ministerial functions may be delegated to an officer or committee. The Utah court further relied upon State v. Paterson, 34 N.J.L. 163, 168 (Sup.Ct.1870), for the proposition that where judgment and discretion are required of municipal officers, they cannot be delegated without express legislative authority.
The attempted delegation, without statutory authority, was criticized in Lehigh Valley R.R. Co. v. Jersey City, 81 N.J.L. 290, 80 A. 228 (Sup.Ct.1911), wherein the court stated:
... It is plain that not only was the assessment made upon a wrong principle, but that the commissioners gave no attention to their duties and left the whole matter to their clerk — a practice properly condemned in such cases as State, Mann, prosecutor, v. Jersey City, 4 Zab. 662; State, Townsend, v. Jersey City, 2 Dutcher 444; State, Ogden, prosecutor, v. Hudson City, Id. [29 N.J.L.] 104, 111, and State, Zabriskie, prosecutor, v. Hudson City, Id. [29 N.J.L.] 115.... [at 297, 80 A. 228]
In R.H. Macy & Co., Inc., v. Taxation Division, 77 N.J.Super. 155, 185 A.2d 682 (App.Div.1962), aff’d 41 N.J. 3, 194 A.2d 457 (1963), the court passed upon the issue of whether a redetermination of a franchise tax assessment was invalid as it was effected by the Corporation Tax Bureau, a subagency within the Division of Taxation, rather than by the Director of Taxation as provided by N.J.S.A. 54:10A-4(d). The court recognized the soundness of the principle that, generally speaking, a delegated power cannot be further delegated. However, it held (at 174-175, 185 A.2d 682) that “implicit in the rule is the qualification that there is no indication that the Legislature intends otherwise.” In that case the court recognized that there was no explicit authorization permitting the Director to delegate the authority. However, it listed the myriad of tax statutes authorizing the Director to act and that only two of them authorized the Director to delegate the authority, and of those two, one still required that he make the assessment. The court stated:
... [I]f the Director may not delegate any of his nonministerial functions under the Corporation Business Tax Act because of absence of express authority therein, then it follows he may not do so under any of the other statutes imposing him the manifold duties and functions mentioned above, practically all of such legislation being equally devoid of express authority of delegation.... [at 177, 185 A.2d 682]
*329 Under the factual background of the case, the court concluded that there was an implied authorization permitting the Director to delegate.
The subject case, however, does not have a history of statutory enactments calling upon the chief fiscal officer of the defendant to perform quasi-judicial acts in the tax area. Here, the chief fiscal officer’s responsibilities are confined to the Local Tax Authorization Act of 1970 (N.J.S.A. 40:48C 1 et seq.) and, more specifically, the parking tax. There is no precedent of legislative enactments from which this court can conclude that the Legislature intended that the chief fiscal officer for the defendant had the implicit authority to delegate his nonministerial or quasi-judicial authority.
It is accordingly held that the assessment of additional parking tax was not the act of the chief fiscal officer of defendant and is therefore void.