STATE OF NEW JERSEY, COMMISSIONER OF HEALTH, PLAIN-
TIFF-APPELLANT, v. BOARD OF HEALTH OF THE
TOWNSHIP OF MORRIS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1986—Decided March 5, 1986.

Before Judges PRESSLER, DREIER and BILDER.

*Charlotte Kitler,* Deputy Attorney General, argued the cause for appellant (*W. Cary Edwards,* Attorney General of New Jersey, attorney; *Michael R. Cole,* Assistant Attorney General, of counsel; *Charlotte Kitler,* on the brief).

*John M. Mills* argued the cause for respondent (*Mills, Hock, Dangler & Mills,* attorneys; *John M. Mills,* on the brief).

*Michael A. Pane* submitted a brief on behalf of *amicus curiae* New Jersey Health Officers Association.

The opinion of the court was delivered by

BILDER, J.A.D.

On this appeal we are asked to decide whether a municipality may satisfy the requirement that it have a full-time health officer, *see N.J.S.A.* 26:3A2–14, by contractual delegation to a private firm. Defendant Board of Health (Board) has not employed a full-time health officer since April 1983 but has, in substitution, contracted with a private firm to provide the services. The services have since then been provided by two employees of the contractor who are licensed health officers. *See N.J.S.A.* 26:1A–38 *et seq.* Under the agreement at least one of these men is available no less than 52 hours a month for regular services to the municipality and is also available on a 24 hour a day, seven day a week basis for emergencies. The State Board of Health (State) contends that such a contracting out of

a health officer's services violates a requirement of the Local Health Services Act that every local health agency be administered by a full-time health officer. *See N.J.S.A.* 26:3A2–14. It brought an action in the Chancery Division to enjoin the contractual arrangement and either force defendant to employ a full-time health officer or enter into an authorized inter-municipal contract for such services. The State appeals from a judgment upholding the right of defendant to privately contract for the health officer services and dismissing the complaint.

The health officer is the general agent of a local board for the enforcement of State sanitary laws and local ordinances. *See N.J.S.A.* 26:3–19. By its contract the Board has sought to delegate its governmental responsibilities to a private entity. Absent statutory authority, there can be no such delegation. *See Remedial Educ. & Diag. v. Essex Cty. Educ. Ser.,* 191 *N.J.Super.* 524, 527–528 (App.Div.1983), certif. den. 97 *N.J.* 601 (1984). "This is especially true when the agency attempts to subdelegate to a private person or entity, since such person or entity is not subject to public accountability." *In Re North Jersey Dist. Water Supply Comm'n,* 175 *N.J.Super.* 167, 206 (App.Div.1980), certif. den. 85 *N.J.* 460 (1980). We are satisfied that no statutory authority has been granted.

Indeed, the Act implies the contrary. A reading of the statute makes it clear that the health officer is to be an individual on the public payroll. Thus, for example, he is defined as a holder of a license (only individuals can be so licensed) employed by a local health agency to function during all regularly scheduled work hours. *N.J.S.A.* 26:3A2–3g. He must be employed on a full-time basis. *N.J.S.A.* 26:3A2–14. He is given Civil Service status, *N.J.S.A.* 26:3–19.1 and 26:3A2–14, and is referred to as a person, *N.J.S.A.* 26:3A2–15.

Furthermore, the very nature of the health officer's supervisory duties makes delegation of his responsibilities to a private firm improper. The Board's agreement with the contractor requires the health officer it provides to "direct and supervise

all public health activities and public health employees of the [Board]." These are duties of a discretionary nature and in the absence of specific authority are nondelegable. *See DiGirolamo v. Newark,* 2 *N.J.Tax* 323, 326–328 (Tax Ct.1981). This is a far different situation than contracting for municipal services as specifically authorized by *N.J.S.A.* 40:48–5, a statute having no relevance to the operation of local boards of health.

The same is true of the enforcement responsibilities which the Board has sought to delegate to the contractor. By law, the health officer has the power to enforce the sanitary laws of the State and ordinances passed by the Board regulating the areas of public health enumerated in *N.J.S.A.* 26:3–31 by initiating summary actions in municipal court to impose penalties for violations. *See N.J.S.A.* 26:1A–10 and 26:3–72. As general agent for the Board, he is responsible for inspection and surveillance of restaurants and similar retail food establishments to maintain compliance with sanitary requirements, *N.J.A.C.* 8:24–9.2(a) and 8:51–3.3; can inspect and license wholesale food and cosmetic establishments, *see N.J.S.A.* 24:15–13 and *N.J. A.C.* 8:21–9.3(a)(3); and can, without any court order, embargo and detain foods, drugs or cosmetics which are believed to be dangerous or fraudulent. *N.J.S.A.* 24:4–12. He also has the power to impose quarantine on persons and places as well as to destroy articles likely to communicate disease. *N.J.S.A.* 26:4–2. He may apply for warrants to search private premises for any nuisance affecting health, *N.J.S.A.* 26:3–59, and may summarily remove or abate any nuisance after giving notice to the property owner. *N.J.S.A.* 26:3–53 and 26:3–61. Such powers can only be exercised by a public official. *See Group Health Ins. of N.J. v. Howell,* 40 *N.J.* 436, 445 (1963).

We also agree with the State that the Board's attempt to contract with a private entity for the services of a health officer is barred by the Local Health Services Act. *N.J.S.A.* 26:3A2–1 *et seq.* That legislation was enacted to provide relief to small communities who found the operation of a separate health

department not feasible or economically justified by providing a means by which they could enter into regional or county-wide arrangements. *Statement attached to Senate Bill 130* (1975). If the Board elects not to employ its own full-time health officer, it is limited to cooperative arrangements with other municipalities or a county board. *See N.J.S.A.* 26:3A2–10c.

The Board's argument that this provision does not apply to it because it is presently providing a program of public health services meeting the "Standards of Performance" is without merit. The Commissioner of Health has properly held that Morris Township is not meeting those standards and cannot do so under the present arrangement. Apart from our need to defer to the expertise of the commissioner in this area, *see Newark v. Natural Resource Coun. Dept. Env. Prot.,* 82 *N.J.* 530, 539–540 (1980), *cert.* den. 449 *U.S.* 983, 101 *S.Ct.* 400, 66 *L.Ed.*2d 245 (1980), we note that, under the agreement, the health officers provided by the contractor have in fact worked an average of only about 12 hours per week, far less than "all the working hours" of the Township required by the act, *see N.J.S.A.* 26:3A2–3g, and have presumably done other work in violation of a regulation that full-time health officers not work elsewhere for remuneration during normal working hours. *See N.J.A.C.* 8:51–1.2.

Finally, we also note our agreement with the State's position that the Board is a local health agency. *N.J.S.A.* 26:3A2–3a defines a local health agency as

> any county, regional, municipal or other governmental agency organized for the purpose of providing health services, administered by a full-time health officer and conducting a public health program pursuant to law.

The inclusion of the requirement of a full-time health officer in the definition did not create a new agency, separate and apart from a local board of health, but re-emphasized the requirement that these governmental health agencies must be headed by a full-time health officer.

The matter is remanded to the Chancery Division for the entry of an appropriate order granting the plaintiff appropriate relief.

DREIER, J.A.D. (concurring).

I take no issue with the conclusion reached by the majority, since there is no statutory right to delegate the health officer function to a private corporation. *Cf. N.J.S.A.* 40:48–5 permitting delegation of other municipal services; *Schnell v. Millburn Tp.*, 127 *N.J.Super.* 155, 158 (App.Div.1974). *N.J.S.A.* 26:3A2–3g requires that a full-time health officer be "employed" by the local health agency, and *N.J.A.C.* 8:51–1.2, interpreting that section, requires that the health officer be employed for the full work week and have no other employment during those working hours for which he received remuneration. The Board of Health of the Township of Morris has thus violated the statutory and regulatory scheme by not employing a full-time health officer or contracting by way of a cooperative arrangement with its neighboring municipalities, *N.J.S.A.* 26:3A2–10c. Although a third alternative is provided by the statute, delegation to a county board of health, there is no Morris County Board to which the local Board could have delegated this function.

The problem I see with the result mandated by the statute and regulations is that it leads to inefficiency. As noted in the majority opinion, the health officer's activities in the township require but 12 hours per week. We have been informed that the sole regional cooperative arrangement available is with a health department that already services in excess of 20 communities. Morris Township is large enough that it itself demands approximately one-third of the time of a full-time health officer. It could thus overtax the regional cooperative arrangement or require the hiring of another officer who would have two-thirds of his time unproductive. The alternative is for defendant to hire its own health officer who will be kept busy but one-third

of his productive time and is required by statute and regulation to perform no other functions, resulting in an enforced under-utilization of professional services.

Defendant has treated this situation in a practical, though unauthorized, manner. I note that the regulations provide in *N.J.A.C.* 8:51-1.1(c) that services may be rendered "by a person or agency under contract to the Board," so long as those "employed by, or under contract to," the local Board are duly licensed. If there were statutory authority for retention of corporate employees to perform the health officer's function, this language would be at least some authority for the contract-ing-out of these services to an agency which would provide a full-time licensed health officer. If such delegation were autho-rized by statute, I anticipate none of the operational problems envisioned by the majority with the health officer function being delegated to an employee of a private corporation. In fact, during the period of the present contract has been in effect there has been no such problems of accountability or dual loyalty. During the performance of the individual's public duties, he or she would be subject to the Board of Health's policies and control. In the matter of pay and benefits and unrelated corporate duties, the individual would be subject to his or her corporate employer. Defendant would pay for no more services than it needed and would be assured of both full staffing and 24-hour per day emergency service, including coverage for vacation periods, sick days and the like, a benefit not conferred with the direct hiring of a single employee.

I suggest, therefore, that while defendant may have been ahead of its time in finding a private solution for a public need, since there is no present legislative sanction for such practice, the Legislature might wish to review this situation to determine whether defendant has not in fact found a more efficient and less expensive way to provide for health officers' services in a small municipality.