McGuire *v.* Hamler Coal Mining Company, Appellant.

Argued October 1, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles H. Ealy,* with him *Uhl, Ealy & Uhl,* for appellant.

*Llewellyn E. Lloyd,* with him *W. Curtis Truxal,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 8, 1946:

The difficulty with plaintiff's case arises from his failure adequately to distinguish the damages he sustained in the accident upon which his suit is based from those he suffered in a subsequent accident with which defendant was in no wise concerned.

He was employed by defendant company in its coal mine, and, while walking in one of the headings, was struck by a falling tie. This tie had been placed upright on a pipe which fellow-employes were engaged in bending, and, through what may well be considered an act of negligence on their part, it was allowed to fall upon plaintiff as he was passing by. Since defendant com-

pany had not accepted the provisions of the Workmen's Compensation Act and was therefore subject to common-law liability, and since the act abolished in common-law actions the fellow-servant rule and also made un-available the defense of contributory negligence,[1] plaintiff undoubtedly established a right of recovery. He obtained a verdict in the sum of $2,960, which was sustained by the court below.[2]

The accident occurred on April 16, 1945. The mine tie struck him back of his left ear; he was knocked down, was dazed for a few minutes, rested for a short time, and then resumed his work. The blow raised a lump of about a half inch in height and from then on he suffered considerably from headaches, but he did not stay away from work nor even consult a physician. On May 5, 1945, while suddenly turning around in one of the mine headings, he accidentally struck his head against a protruding rock, the injury being to exactly the same place as before, back of his left ear, and causing a new lump to replace the former one which had meanwhile subsided. Then, for the first time, he visited a doctor. He has since been unable to work because of alleged headaches and dizzy spells, with the result that by the time of the trial he had lost about $2,600 in wages, so that it would appear that the major portion of the verdict represents that loss which followed only the second accident.

As defendant was, of course, not responsible for the accident of May 5, it was incumbent upon plaintiff to individuate the injuries and damages he then sustained from those suffered by him in the accident of April 16 for which alone defendant was liable. This he was obliged to do, not with absolute exactitude, but at least

---

[1] Act of June 2, 1915, P. L. 736, section 201, re-enacted by the Acts of June 4, 1937, P. L. 1552, section 1, and June 21, 1939, P. L. 520, section 1.

[2] His recovery actually amounted to $3,320, as defendant had voluntarily paid him $360 which the jury were instructed to allow as a credit to defendant in fixing the amount of the verdict.

with reasonable approximation, and a jury could not properly find a verdict in his favor except in an amount fairly determinable from the evidence. Under such circumstances damages may not be based on a mere guess or speculation; the proof must be of a character to enable an intelligent separation of the damages caused by the negligence complained of from those otherwise sustained: *Osterling v. Frick*, 284 Pa. 397, 403, 404, 131 A. 250, 251, 252; *McAllister v. Pennsylvania R. R. Co.*, 324 Pa. 65, 187 A. 415; *Frederick v. Philadelphia Rapid Transit Co.*, 337 Pa. 136, 142, 10 A. 2d 576, 579; *Connelly v. Kaufmann & Baer Co.*, 349 Pa. 261, 264, 37 A. 2d 125, 126.

The evidence submitted by plaintiff did not sufficiently meet this requirement of the law. Several doctors testified as to his condition when they examined him but none of them saw him until after May 5, and none of them therefore was able to say whether his complaints were attributable to the first or the second accident. There was no proof or reasonably permissible inference that the expenses incurred by him for medical attention were necessitated by the injuries he received on April 16 or that those injuries caused the loss of his wages and the pain and suffering he experienced after May 5. In *McAllister v. Pennsylvania R. R. Co.*, 324 Pa. 65, 187 A. 415, the injured woman plaintiff was examined and treated by a physician before she met with a subsequent accident and she was therefore able to show what her condition was as the result solely of the first accident on which her suit was based; moreover her successive injuries were to different parts of her body. That case is, therefore, clearly distinguishable from the present one where no such differentiation is possible.

It might seem at first blush as though an injustice is being visited upon plaintiff in denying him a recovery from defendant of damages to which he might otherwise be entitled merely because he was unlucky enough to have a second accident and cannot now apportion his injuries

between the two occurrences. On more mature reflection, however, it should be apparent that it would be at least equally unjust to impose upon defendant a liability for damages which it was not shown to have caused. The most that plaintiff can claim is that defendant should compensate him for the pain and suffering arising from the headaches he endured during the three weeks' period from April 16 to May 5, 1945.[3] Although defendant withdrew a motion for new trial which it had filed in the court below and now seeks only a judgment n. o. v., it is thought that because the jury were allowed to assess damages by far the major portion of which were not proved to have been caused by the accident for which alone defendant was liable, justice requires that the case be remanded for re-trial.

Judgment reversed; the motion for a new trial is reinstated and is herewith granted.

---

[3] From any award in his favor for that item of recovery exceeding $360 must be deducted the credit referred to in note 2.