PANGIA CONSTRUCTION CO., A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. TOWNSHIP OF CINNAMINSON ET AL., DEFENDANTS.

Submitted August 19, 1947—Decided October 20, 1947.

For the prosecutor, *Heine & Heine* (*Norman Heine*).

For the defendant Township of Cinnaminson, *Walter Carson.*

For the defendant Joseph Lafferty, *Samuel P. Orlando* and *Peter J. Devine, Jr.*

BURLING, J.   The writ of *certiorari* was allowed to review a resolution passed by the Township Committee of the Township of Cinnaminson on the 27th day of May, 1947, awarding a contract for the construction of the North Park Landing Road, Section 1 in the Township of Cinnaminson in the County of Burlington with a gravel, bituminous treated surface upon an earth foundation, to Joseph Lafferty, subject to the approval of the State Highway Commissioner.

Stipulation was entered into by the parties that, on the argument of the cause before the court upon the return to the writ, the depositions taken and exhibits introduced under the rule to show cause be used by all parties in addition to the depositions taken and exhibits introduced since the allowance of the writ.

The prosecutor filed reasons for setting aside said resolution as follows:

"1. The hour provided for the receipt of bids as contained in the advertisement was improper.

"2. All bidders were not required to meet the same requirements for bidding.

"3. The Township Committee of the Township of Cinnaminson waived some of the requirements for bidding as to some of the bidders but not as to all, including the prosecutor.

"4. The refusal of the Township Committee of the Township of Cinnaminson to accept the prosecutor's bid at the time it was tendered was an abuse of discretion and not an act of good faith and honesty.

"5. It was illegal for the Township Committee of the Township of Cinnaminson to refuse to accept the prosecutor's bid at the time it was tendered without a hearing.

"6. The said resolution adopted by the Township Committee of the Township of Cinnaminson is in divers other respects illegal, unjust and oppressive and should be set aside, reversed and declared for nothing holden."

The matter was then brought on for argument before a single justice at chambers, pursuant to *R. S.* 2:81–5.   Oral argument has been made and briefs have been submitted.

The action of the governing body (Township Committee) in awarding the contract to Joseph Lafferty, the lowest re-

sponsible bidder of those who submitted proposals in accordance with the invitations to bid, is under review. The project was to be financed by State Aid (90% grant). The township engineer and township solicitor were not present at the opening time and place for the reception of bids. At the appointed time (8 P. M.) the representative of the State Highway Commissioner arose and advised the Township Committee which had convened earlier, namely at 7:30 P. M., of the necessity to formally receive the bids. The committee immediately then did so. After those present in the room accepted the opportunity, *by resolution of the committee, the invitation was closed* and they proceeded to open bids for tabulation. Thereafter the prosecutor entered the room with a sealed bid which was rejected as not having been submitted in due season. The seal was not broken nor was it inspected and he regained possession of the bid. He then sought legal advice and the original bid was delivered to his attorney and was offered in evidence. From his unsupported testimony it appears that the bid was for $9,791.80.

The award was made at the same meeting to Joseph Lafferty for $10,418.90. The resulting action was reported to the Highway Commissioner for his review and approval in accordance with the conditions of the bidding. Pending the decision, the Commissioner was restrained from acting as the result of this proceeding.

The prosecutor applied to the office of the township engineer to inspect the plans and specifications and obtained a copy of the bid form four days before the time for the receipt of bids. The form submitted to him left the hour of reception blank but the date and place was set forth. No inquiry was made by the prosecutor from any accredited authority to obtain this information. One other bidder's form obtained in the same manner had set forth in pencil the hour of 8:30 P. M. This fact was not known to the prosecutor until he arrived at the exterior of the meeting place.

The invitation for bids was properly advertised in a newspaper. The described confusion is the result of someone in the township engineer's office in not being meticulous in making and distributing true copies of the invitations to bid.

Refer to *Exhibit No. D-3* Township, being copy of letter from the State Highway Commissioner suggesting that a copy of the advertised form of invitation accompanying the form of bid proposal when distribution was made to those contractors interested.

The action of the Township Committee was correct in a strict sense. *R. S.* 40:50–4 is found under the title "Municipalities" and the provisions of the section reads as follows:

"40:50–4. Advertisement for bids; bids; general requirements. All advertisements for bids under this chapter shall be published at least once, ten days prior to the date fixed for receiving such bids, in a newspaper circulating in the municipality. The advertisements shall designate the time and place of the meeting at which the bids shall be received. At such time and place, the governing body, or any committee having authority so to do, shall receive the bids, and immediately proceed to unseal them and publicly announce the contents in the presence of the parties bidding or their agents, if they choose to be then and there present, and shall also make proper record of the prices and terms upon the minutes of the body. No bids shall be received previous to the hour designated in the advertisement, and *none shall be received thereafter.*" (Italics supplied.)

Comparable provision is found under the title "Administration of Criminal Justice," *R. S.* 2:160–6.

The prosecutor has not reason to complain because of his negligence and laches. He arrived at the exterior of the meeting place at 7:30 P. M. The diligent thing for him to have done was to have entered the meeting place and ascertain from the clerk the time for reception of bids. When all the bidders entered prior to 8 P. M., he should have done likewise. If reliance was made by the prosecutor upon an incorrect statement of another contractor as to the time of receipt of bids and doubt existed in his mind as to the time, then provident action called upon him to become accurately informed by accredited authority by immediately entering the building. The attempt of the chairman of the Township Committee to extend the unrequired courtesy of having the constable inquire outside of the meeting room for bidders was a laud-

able one. However, the testimony is in doubt as to the exact time and detailed circumstances surrounding his tour in the capacity of a crier. All of which did not mislead the prosecutor but only tended to accelerate his procrastinatory conduct.

All reasons have been considered and they are without merit.

The writ is dismissed, without costs.