## Stoops et al. v. Pierce et al.

*Joseph L. Kramer*, for plaintiffs.

*M. R. Lower, James D. Flower, Faller & Faller*, and *Clinton R. Weidner*, for defendants.

GARBER, J., January 11, 1955.—This action in trespass arose out of collisions involving five motor vehicles. Each plaintiff sustained injuries, and plaintiff Stoops' automobile was damaged. The matter presently before us is a preliminary objection by defendant Viola Pierce, in which she complains that

plaintiff Stoops did not state in his complaint the damage done to his motor vehicle by defendant Pierce separately from damage done to the vehicle by other defendants.

Plaintiffs' complaint, as amended by stipulation, together with the complaint of defendant Snook against additional defendant Lynell W. Wolf, give us the following description of the entire occurrence:

On January 7, 1953, at about 6:45 a.m., plaintiff Stoops was driving an automobile easterly on United States Route No. 11, a three-lane highway between Carlisle and Harrisburg. There was some snow and ice on the highway. Plaintiff encountered a pocket of fog which obscured his vision and caused him to decrease his speed, and at the same time he observed an automobile of defendant Snook standing across the center and eastbound lanes of the highway. As it slowed down, the Stoops vehicle was struck in the rear by an automobile driven by defendant Adams. Stoops claims that this collision prevented him from swerving to the left and avoiding the Snook vehicle, and caused his vehicle to collide with the Snook car. The Stoops and Adams vehicles then traveled in a northerly direction across the highway and came to a stop on the northern berm of the highway, both vehicles being completely off the main traveled portion thereof.

Defendant Snook avers in his complaint against additional defendant Wolf that as he entered this same pocket of fog he saw ahead of him an unlighted Pennsylvania Department of Highways' motor truck with a snow plough mounted on the front thereof. He was able to avoid the truck, but the right front corner of his automobile collided with the end of the snow plough blade which projected beyond the left side of the truck. This collision caused his motor vehicle to swing around and come to a stop on the highway.

Plaintiff Stoops was not thrown out of his vehicle in the collision. After it had come to rest on the north-

ern berm of the highway, he missed his daughter, plaintiff Maclay. He found her in the highway, on her hands and knees crawling toward his vehicle. He went out into the highway, helped her to her feet, and to the guard rail on the northern side of the highway. He walked around his car, and then noticed his daughter again in the center of the highway. He went into the highway and helped her back, and they walked between the Adams vehicle and the Stoops vehicle which were about two and one-half feet apart, with the Stoops vehicle to the east. Just at this time defendant Viola Pierce, traveling in a westerly direction, drove her vehicle off the main traveled portion of the highway on to the berm and into collision with the Stoops vehicle, driving it into collision with the Adams vehicle and injuring both plaintiffs, who were between the two vehicles.

Plaintiffs argue that the independent negligent acts of all defendants supplemented one another and concurred in contributing to and producing one single indivisible injury to plaintiffs, so that all are joint tortfeasors, and jointly and severally liable for all of the damages sustained by plaintiffs. Defendant Pierce argues that the pleadings charge her with a separate and distinct negligent act resulting in separate and distinct damages to plaintiffs, and that therefore under the pleadings she cannot be jointly liable with any other defendant, or liable for any damage done to either plaintiff by any person other than herself.

We are of the opinion that the pleadings reveal two separate accidents, and that the position taken by defendant is correct. The first accident commenced with the collision between the Snook automobile and the highway snow plough truck. From this occurrence there flowed in a natural sequence the stopping of the Snook automobile across the highway, the sudden slowing down of plaintiffs' automobile to avoid

it, and the rear-end collision between that car and the Adams car. This accident terminated when the Stoops and Adams cars came to rest off the highway, and plaintiffs likewise got off the traveled portion of the highway.

The activities of Stoops between the time his car came to rest on the berm of the highway and the collision of the Pierce automobile consumed some time. Pierce must have been some distance away when the Adams, Stoops and Snook automobiles collided. She contributed nothing whatever to that occurrence, and we know of no rule of law, nor of common sense, which would hold her liable for the damages sustained by plaintiffs therein. By the same reasoning, we see no reason why the other defendants should be held responsible for the damages sustained by plaintiffs from the independent act of Pierce. Her negligent act did not flow from anything done by the other defendants, nor was it, in our opinion, a result either natural or unnatural of their alleged negligent conduct. Pierce did not cause the collision between Adams, Stoops and Snook, nor did they cause her to drive off the highway and into collision with the Stoops car.

Hughes et ux. v. Pittsburgh Transportation Company et al., 300 Pa. 55, was an action against the transportation company, a taxicab operator, and Pittsburgh Railways Company, the operator of the street-car system. Plaintiff was a passenger in one of the transportation company's cabs. The driver of the cab brought it to a stop with the right front wheel at the curb and the left rear wheel within the space between the two rails of the trolley track. Before plaintiff could alight from the cab, a trolley car of the railway company, whose motorman could have seen the position of the taxicab in ample time to stop his trolley car, nevertheless ran it into collision with the taxicab, causing injuries to plaintiff. The taxicab company

and the railways company were held to be concurrently negligent, and therefore jointly and severally liable to plaintiff. It is apparent that the negligence of the taxicab company was in active operation and plaintiff in peril therefrom when the negligence of the streetcar company turned this peril into actual injury to plaintiff by causing its car to collide with the taxicab. It was on this ground that the negligences of the two companies were held to be concurrent and they were held jointly and severally liable for the resulting harm to plaintiff. The distinction between that case and the present one is that here the negligence of defendants Adams, Snook and Wolf had ceased and was no longer in active operation at the time defendant Pierce drove her automobile into collision with the Stoops automobile. Moreover, plaintiffs themselves, and the Stoops automobile, were off the main traveled portion of the highway when struck by Pierce.

In O'Malley v. Laurel Line Bus Company, 311 Pa. 251, defendant bus company discharged plaintiff passenger from the bus on a dark and stormy night between street intersections, and approximately 16 feet from the curb, without giving him any warning. After leaving the bus and before reaching the curb he was struck by an automobile. It was held that the negligence of the bus company concurred with the negligence of the motor vehicle operator and that the bus company was jointly and severally liable for plaintiff's injuries. In this case plaintiff was still under the effect of the negligent act of the bus company when injured by the third person. In the present case plaintiffs were no longer in a position of peril by reason of the alleged negligence of Adams, Snook and Wolf, when struck by Pierce. The effect of the preceding negligence terminated when plaintiffs reached a point of safety off the highway.

The A. L. I. Restatement of the Law of Torts, §431, provides that negligent conduct is a legal cause of harm to another if it is a substantial factor in bringing about the harm. In our opinion the negligent conduct of Adams, Snook and Wolf was not a factor in bringing about the harm done plaintiffs by Pierce, and the negligence of Pierce was likewise no factor in bringing about the harm done by the others.

Both sides called our attention to A. L. I. Restatement of the Law of Torts, §439. This section provides that if the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's negligent act is also a substantial factor in bringing about the harm, does not protect the actor from liability. In our view of the case the negligent conduct of Adams, Snook and Wolf was no longer in active operation, nor were plaintiffs in a position of peril from its effects, at the time of the Pierce accident.

"Where independent torts result in separate injuries, each tortfeasor is severally liable for his own torts," 86 C. J. S. §35, Torts.

"Separate and distinct tortious acts resulting in separate and distinct injuries, even to the same subject matter, do not create joint liability on the part of the tortfeasors," 52 Am. Jur., §112, Torts.

We are of the opinion that the foregoing is a correct statement of the law applicable to the factual situation stated in the pleadings in this case.

At the oral argument counsel for plaintiffs stated that it was impossible to separate the damage done to the Stoops automobile in what we have considered to be the first and second accidents involved in this case. The sections of Corpus Juris Secundum and American Jurisprudence herein cited state that no exception may be created by the difficulty or impossibility of separating the damages. We naturally

would be concerned if compelled to a legal conclusion which would in effect deny plaintiffs a recovery. In McGuire v. Hamler Coal Mining Co., 355 Pa. 160, the Supreme Court said, page 163:

"It might seem at first blush as though an injustice is being visited upon plaintiff in denying him a recovery from defendant of damages to which he might otherwise be entitled merely because he was unlucky enough to have a second accident and cannot now apportion his injuries between the two occurrences. On more mature reflection, however, it should be apparent that it would be at least equally unjust to impose upon defendant a liability for damages which it was not shown to have caused."

In our opinion it would be unjust to hold defendants Adams, Snook and Wolf responsible for damages caused by defendant Pierce, and to which in our view of the case they contributed nothing whatever, or to hold Pierce liable for damage done by the others. Fortunately, there is a salutary rule of law for difficult situations of this kind, and we believe that plaintiffs will be able to bring their proofs within the limits of that rule.

The law, at least in Pennsylvania, has always recognized that the difficulty of separating damages from two or more causes should not operate to relieve a wrongdoer from liability if that result can justly be avoided.

In Little Schuylkill Navigation, Railroad and Coal Co. v. Richards's Administrator, 57 Pa. 142, 147 (1868), Justice Agnew, speaking for the court, said:

"True, it may be difficult to determine how much dirt came from each colliery, but the relative proportions thrown in by each may form some guide, and a jury in a case of such difficulty, caused by the party himself, would measure the injury of each with a liberal hand."

Tracing the history of the law, he cited Partenheimer v. Van Order, 20 Barb. 479, and said:

"The rule laid down in the last case was that where the owner of the garden could not prove the injury of each cow, the jury would be justified in concluding that each did an equal injury."

And in Gould v. McKenna, 86 Pa. 297 (1878), Justice Agnew, then Chief Justice, speaking for the court, said, page 303:

"The difficulty of separating the damage from each independent cause may be great, but it does not change the nature of the tortious act of the defendant or relieve him from liability."

The modern rule was stated in Osterling v. Frick et al., Execs., 284 Pa. 397, 403, in the following oft-quoted language:

"One injured by the default of another will not be denied redress where his damages therefrom are shown approximately, although with less certainty because of injury of like character inflicted upon him by the acts of others. While damages in such case cannot be based on a mere guess or speculation, yet, where the amount may be fairly estimated from the evidence, a recovery will be sustained even though such amount cannot be determined with entire accuracy."

Plaintiff Stoops' observation of his automobile between the first and second accidents, coupled with a description of the collision of the Adams automobile with the rear of plaintiffs' car and its collision with the Snook car, together with competent expert testimony, should enable plaintiff to bring his proofs within the limits of the foregoing rule.

A more complete and exact definition of the limits of this rule of law may be had by a comparison of McAllister et al. v. The Pennsylvania Railroad Co., 324 Pa. 65, with McGuire v. Hamler Coal Mining Co., supra.

Accordingly, we enter the following

*Order of Court*

And now, January 11, 1955, at 1:45 p.m., preliminary objection no. 6 as filed by defendant Viola Pierce is sustained. Plaintiffs shall file an amended complaint within 20 days from this date, which shall include the stipulation which, by agreement of counsel for plaintiffs and for defendant Pierce, satisfied preliminary objections nos. 1 through 5, as well as a more specific statement setting forth separately the averments of damage to the Stoops automobile caused by defendant Pierce, from damage caused by others.