**Betty D. KINNEY**

v.

**Joseph H. GLASS, Appellant.**

**No. 17894.**

United States Court of Appeals
Third Circuit.

Argued Oct. 9, 1969.

Decided Nov. 20, 1969.

William B. Freilich, LaBrum & Doak, Philadelphia, Pa. (James M. Marsh, Philadelphia, Pa., on the brief), for appellant.

Sheldon L. Albert, Beasley, Albert, Hewson & Casey, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, FORMAN, and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from a judgment in a diversity personal injury suit in the United States District Court for the Eastern District of Pennsylvania for $35,000 pursuant to a jury verdict against Joseph H. Glass, the appellant, in favor of Betty Kinney, the appellee, and from the denial of appellant's motion for a new trial.

In January 1964, the appellant and the appellee were involved in a three car collision in the west bound lane of the Schuylkill Expressway, Philadelphia, a divided highway with two lanes in each direction. Appellee contends that a third car stopped immediately ahead of her automobile in the right lane and that she came to a halt in order to avoid a collision. She alleges that shortly thereafter the appellant, also travelling in the right lane, hit her car from behind and pushed it into the stopped car which caused her vehicle and the third car to be carried into the left lane.

Contrary to appellee's version, appellant alleges that he was driving in the left lane approximately ten feet behind and to the left of the appellee. He asserts that the accident occurred when the appellee suddenly swerved into the left lane.

The appellant now assigns as error the trial judge's failure to sufficiently specify in his charge to the jury that section 1002(a) of the Pennsylvania Motor Vehicle Code [1] imposes a twofold duty upon a driver travelling in a line of traffic. First, appellant contends, it requires that a driver operate his vehicle in a manner as to permit him to bring it under control in a reasonably safe distance from preceding cars. Secondly, he asserts, it requires that a vehicle be operated in a manner to permit cars in the rear sufficient time and distance to stop. It is this second requirement that appellant contends the District Judge failed to clarify in his charge. However, the District Judge instructed the jury that the provi-

---

1. 75 P.S. § 1002(a) reads:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

sions of section 1002 "could apply to both parties in this case." [2]  We find that this was sufficient to encompass appellant's theory of the duties imposed upon drivers by section 1002 of the Code.

Consistent with his theory of the accident, appellant also assigns as error the District Judge's failure to charge under section 1012(a) of the Pennsylvania Motor Vehicle Code.[3]  This section essentially requires a driver to signal 100 feet before changing lanes.  However, according to the appellant's theory "[i]t all happened in a matter of, well, just like a flash of lightning." [4]  Obviously, charging the jury that a signal was required would have little relevance under this account of the accident.  Moreover, the court did charge the appellant's theory of the unexpected swerve by the plaintiff as negating appellant's responsibility for the accident.[5]  Under these circumstances, failure to charge section 1012(a) is neither prejudicial nor erroneous.  Furthermore, despite the court's direction that it would hear counsel's specific objections at the close of his charge, appellant was silent as to the omission of instructions on section 1012(a).[6]  Under Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C., he lost his right to press this assignment of error, unless the omission constituted a miscarriage of justice.  In this case it cannot be characterized as that flagrant.

Additionally, appellant contends that the appellee failed to differentiate with reasonable approximation the damages resulting from the injuries of this accident and those in a second automobile accident which occurred one month later.[7]  Relying on McGuire v. Hamler Coal Mining Co.,[8] the appellant urges that without a showing of such differentiation by the appellee the jury could not properly find a verdict in her favor.  But *McGuire* is sharply different from this case.  There his suit was defeated because his own doctors were unable to say whether his complaints were attributable to either of two separate accidents he sustained.  Here, evidence was given of appellee's hospitalization immediately following the first accident together with a history of disability culminating in surgery upon her spine, performed by Dr. Raymond Stein three years later.  This surgeon's unequivocal and uncontradicted testimony was:

"Well, I think there is a definite relationship between these traumatic episodes.  She was involved in two accidents.  She had no history of having any difficulty with the neck before, and *unquestionably her problem started with the time of the first accident.*" (Emphasis supplied.) [9]

Unfortunately, any recital of further details of Dr. Stein's opinion relating to appellee's condition and the first accident was frustrated by the persistent objec-

---

2. Appendix, p. 276a.

3. 75 P.S. § 1012(a) (1969 Supp.) reads: "(a) The driver of any vehicle upon a highway before starting, stopping, turning from a direct line, moving from one traffic lane to another or entering the traffic stream from a parked position, shall first see that such movement can be made with safety.  If any pedestrian may be affected by such movement a clearly audible signal shall be given by sounding the horn.  Before making any such vehicle movement, the driver shall give a plainly visible signal in the manner described in this section.  The signal shall be given one hundred (100) feet in advance of and during the turning movement or a lane change.  The signal shall be given prior to movement of the vehicle and prior to and

during entry of the vehicle into the traffic stream from a parked position.  Stopping signals shall be given during the time vehicle speed is being reduced by braking."

4. Appendix, 205a.

5. Id. pp. 276a–77a.

6. Id. p. 285a.

7. The second accident is the subject of a suit instituted earlier, however, than the instant one—Kinney v. Green, Court of Common Pleas of Philadelphia, March Term 1965—and untried at the time of this appeal.

8. 355 Pa. 160, 49 A.2d 396 (1946).

9. Appendix, p. 107a.

tions of the appellant, sustained by the District Judge.[10] Under such circumstances appellant may not be heard now to complain of the absence of evidence which he himself succeeded in suppressing.[11]

The fact remains that unlike the circumstances in *McGuire,* Dr. Stein in this case affirmatively connected appellee's injuries with the first accident. The credit to which his testimony was entitled in light of the lapse of time between the accident and when Dr. Stein attended appellee was for the jury. We cannot say that the testimony of Dr. Stein and that of the appellee together with the hospital records of medical history admitted in evidence was insufficient for the jury to make a reasonable approximation of the damages sustained by the appellee as a result of the first accident as differentiated from the second.

On cross examination of appellee, appellant's counsel brought out that her answers to interrogatories filed in the state court suit[12] described medical treatment and expenses substantially identical to those demanded in this suit. Hence, appellant argues it became impossible for the jury to apportion damages to the first accident with reasonable approximation. We do not agree. The effect of this cross examination was a factor for the jury's consideration against the background of the instructions of the District Judge that the appellee could recover only for damages resulting from this accident and that appellant should not be held responsible for any injury that came from any other source or from any other accident.[13] Apparently the jury was convinced that the damages claimed by appellee in this case stemmed from the first accident.

Finally, appellant asserts that it was prejudicial error for appellee's counsel to read from the hospital records during his closing arguments to the jury. Appellant's counsel had agreed that the hospital records should be marked in evidence anomalously reserving, however, that they should not go out to the jury. Both the District Judge and the appellee's counsel believed that the records were in evidence and were therefore properly for the jurors' hands. Considerable controversy ensued concerning this and at the very end of the case the District Judge finally was persuaded to withhold from the jury all of the medical records except the histories. An examination of the portions of the medical records read by appellee's attorney during the closing arguments discloses, however, that they were largely excerpts from the medical histories which were unquestionably stipulated by counsel to go into evidence. Counsel's non-history references were brief and insignificant.[14]

---

10. Appellee's attorney continued to press Dr. Stein for an opinion as to whether or not the first accident either caused or was a substantial factor or precipitated the ultimate condition which he found. After overruling the question as having been answered, the District Judge stated:
"He [Dr. Stein] said from the history and from the background of the case that he had, she was in an accident in January and then she was in another accident later on and the second accident could have or possibly aggravated a condition which existed from the first accident."
The Court then asked the witness if that was correct and Dr. Stein replied, "Yes, sir." Appendix, p. 109a.

11. See F. W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 231, 73 S.Ct. 222, 97 L.Ed. 27 (1952); Brotherhood of Rail Road Trainmen v. Chicago, M., St. P., & P. R. Co., 127 U.S.App.D.C. 58, 380 F.2d 605, 609 (1967); Cranston Print Works Co. v. Pub. Service Co. of N. C., 291 F.2d 638, 649 (4 Cir. 1961).

12. Kinney v. Green, *supra* note 7.

13. The District Judge cautioned the jury at least five times that they must only award damages resulting from the first accident. Appendix, pp. 277a–80a.

14. One was from the Sacred Heart Hospital record of February 4, 1966, which reads "Impression: Cervical sprain, probable arthritis secondary to trauma." Appendix, p. 235a. Another was from the record of St. Joseph's Hospital of May 6, 1966 reading "Cervical muscle spasm." Appendix, p. 236a.

They did not rise to the degree of prejudice claimed for them by the appellant and constitute no ground for reversal.

For the foregoing reasons, the judgment of the United States District Court for the Eastern District of Pennsylvania in favor of Betty Kinney and against Joseph H. Glass and the denial of the motion for a new trial will be affirmed.