GEORGE HARMS EXCAVATING CO., A NEW JERSEY COR-
PORATION, ANSELMI & DE CICCO, INC., A NEW JERSEY
CORPORATION, LA FERA CONTRACTING CO., A NEW
JERSEY CORPORATION, UFHEIL CONSTRUCTION COM-
PANY, INC., A NEW JERSEY CORPORATION AND THE
UTILITY CONTRACTORS ASSOCIATION OF NEW JER-
SEY, INC., A NON-PROFIT CORPORATION, PLAINTIFFS
v. MONROE TOWNSHIP MUNICIPAL UTILITIES AU-
THORITY, A PUBLIC BODY CORPORATE, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided—March 7, 1972.

*Mr. Richard K. Rosenberg* for plaintiffs (*Messrs. Heller & Laiks,* attorneys).

*Mr. William C. Moran, Jr.* for defendant (*Messrs. Huff & Moran,* attorneys).

GEROFSKY, A. J. S. C. This is the return day of an order to show cause why judgment should not be entered, pursuant to *R.* 4:67, declaring defendant utilities authority subject to the Local Public Contracts Law, *N. J. S. A.* 40A:11–1 *et seq.*

Plaintiffs are four contractors and an association of contractors. Defendant is a municipal utilities authority created pursuant to *N. J. S. A.* 40:14B–1 *et seq.* On February 9,

1972, defendant by resolution authorized the advertisement for bids on two contracts known as W-3 and W-4 for the installation of a water distribution system and storage facility in the Township of Monroe, Middlesex County. Among the specifications and bidding requirements for the contracts are two requirements which form the basis of this suit. The first is a requirement that no bid may be withdrawn within 120 days after receipt of bids and the second is that each bid be accompanied by a cashier's check, certified check or bid bond in the amount of at least 10% of the amount bid without limit. Plaintiffs argue that these requirements violate the applicable provisions of the Local Public Contracts Law, *N. J. S. A.* 40A:11–1 *et seq.*, which became effective July 1, 1971. Defendants admit that the cited bidding requirements are not in compliance with the statute but claim that municipal utilities authorities are not subject to the provisions of the Local Public Contracts Law.·

*N. J. S. A.* 40A:11–2(1)(d) defines a "contracting unit" subject to the provisions of the act to be:

Any board, commission or agency, which is not a State board, commission or agency, and which has administrative jurisdiction over any district, project, or facility, included or operating in whole or in part, within the territorial boundaries of any county or municipality which exercises functions which are appropriate for the exercise by one or more units of local government, and which has power to make purchases and enter into contracts or agreements for the performance of any work or the furnishing or hiring of any materials or supplies usually required, the cost or contract price of which is to be paid with or out of public funds.

Defendant first argues that since the word "authority" is not found within the defining language, a municipal utilities authority is not covered by the Local Public Contracts Law.

In evaluating defendant's argument the following rules of statutory construction should be kept in mind:

A thing which is within the object, spirit and meaning of the statute is as much within the statute as if it were within the letter. Conversely, a thing which is not within the intent and spirit of a

statute is not within the statute, though within the letter \* \* \* The statute itself furnishes the best means of its own exposition; and the legislative purpose here is evident when the whole of the provision is related to the obvious policy and purpose. The intent is the essence and life of the law. [*Glick v. Trustees of Free Public Library*, 2 *N. J.* 579, 584–5 (1949)]

It is clear that the Local Public Contracts Law was meant to have broad applicability. It was designed to expand and enlarge the jurisdictional applicability of the former bidding law, *N. J. S. A.* 40:50–1 *et seq.* It does not appear to have been the intent of the Legislature in enacting the Local Public Contracts Law to exclude utilities authorities from the operation of the act. Certainly, any distinction between an "agency" and an "authority" is too tenuous to be maintained. See *N. J. S. A.* 40:14B–2(1). Furthermore, as counsel know, the Local Public Contract Guidelines drawn up by the Division of Local Government Services of the New Jersey Department of Community Affairs state flatly that local authorities come within the scope of the act. Thus, it would appear that a municipal utilities authority is a "contracting unit" under the Local Public Contracts Law.

Defendant's main argument, however, is that *N. J. S. A.* 40:14B–68 was intended to exempt municipal utilities authorities from the operation of the Local Public Contracts Law. *N. J. S. A.* 40:14B–68 declares:

This act shall be construed liberally to effectuate the legislative intent and as complete and independent authority for the performance of each and every act and thing herein authorized, and a municipal authority shall not be subject to, or constitute a municipality or agency or component of a municipality subject to, the provisions of chapter 50 or any other provisions of Title 40 of the Revised Statutes, or be subject to regulation as to its service charges by any officer, board, agency, commission or other office of the State.

This statute should also be construed in terms of the intent of the Legislature. The first exemption is that "a municipal authority shall not be subject to, or constitute a municipality or agency or component of a municipality subject to

the provisions of chapter 50." The relevant provisions of *chapter* 50, however, were expressly repealed by *N. J. S. A.* 40A:11–38. Since this court has already held that *N. J. S. A.* 40A:11–1 *et seq.* expanded the scope of the bidding law to include municipal utility authorities, it would follow that the exemption of a utilities authority from the bidding law would no longer apply.

The second exemption is that "a municipal authority shall not be subject to, or constitute a municipality or agency or component of a municipality subject to * * * any other provision of Title 40 * * *." This exemption, however, is not relevant to the bidding law. No provision of *Title* 40, other than the amended version of *chapter* 50, deals with public contracts. While, technically, *N. J. S. A.* 40A:11–1 *et seq.* may be said to be "any other provision of Title 40," the intent of the Legislature was clearly not to exempt utilities authorities from the Local Public Contracts Law.

Even prior to the passage of the act it was made clear that utilities authorities were not exempt from all provisions of *Title* 40. See *Broadway Nat'l Bank of Bayonne v. Parking Authority, Bayonne,* 40 *N. J.* 227 (1963). And as plaintiffs point out in their brief, the intent of *N. J. S. A.* 40:14B–68 is to exempt authorities from "economic restrictions" inherent in the normal municipal scheme — not to exempt them from statutes such as the Local Public Contracts Law.

For these reasons this court holds that defendant is subject to the Local Public Contracts Law and that any provisions of the plans, specifications, invitation to bidder, or other contract documents incidental to the contracts known as W-3 and W-4 in conflict with the aforesaid act are invalid.

No costs.