124 N.J. Super. 89 (1973)
304 A.2d 768
ROSE KURMAN, TRADING AS TRI-STATE AUTO BODY, AN UNINCORPORATED PROPRIETORSHIP, PLAINTIFF-APPELLANT
v.
CITY OF NEWARK AND DEWEY'S GARAGE, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1973.
Decided May 18, 1973.
*91 Before Judges LEWIS, CARTON and MINTZ.
Mr. Robert B. Kroner argued the cause for appellant.
Mr. W. William Hodes, Assistant Corporation Counsel, argued the cause for respondent City of Newark (Mr. William H. Walls, Corporation Counsel, attorney).
Messrs. Goldman, Goldman and Caprio filed a statement in lieu of brief for respondent Dewey's Garage, Inc.
PER CURIAM.
Plaintiff filed a complaint wherein she sought to enjoin defendant City of Newark (Newark) from awarding a towing contract to co-defendant Dewey's Garage, Inc., asserting that she was the only qualified successful bidder. Newark counterclaimed for moneys owed it from plaintiff on a previous towing agreement.
Newark's motion for summary judgment dismissing the complaint was granted on the ground that the Local Public Contracts Law, N.J.S.A. 40A:11-1 et seq., did not require Newark to publicly bid the contract in question, since it was in effect the granting of a franchise for which Newark receives money. The trial judge ruled that the subject statute applies only when, upon analysis, the transaction actually constitutes a purchase, citing McKim v. South Orange, 133 N.J.L. 470 (Sup. Ct. 1945). Newark's counterclaim was ordered continued on the active trial list. Plaintiff appeals from the order dismissing her complaint.
The municipal contract in question is one for the removal and storage of abandoned and stolen motor vehicles, those involved in traffic accidents and suspected crimes, and those blocking the streets in a snow emergency. The successful contractor is permitted to tow the subject motor vehicles to his storage location and to make a regulated charge for such service and storage to parties seeking to reclaim vehicles. The contractor is permitted to auction unclaimed vehicles. If the total bill is in excess of the sum realized at the auction sale, *92 the contractor agrees to accept this latter amount in full payment of his bill. He may, of course, bid in the vehicles and endeavor to sell them to scrap dealers or parts dealers at a profit. If the amount realized at the auction is in excess of the total bill, then the contractor is paid in full and the remaining money becomes the property of Newark.
N.J.S.A. 40A:11-4 provides:
Every contract or agreement, for the performance of any work or the furnishing or hiring of any materials or supplies, the cost or the contract price whereof is to be paid with or out of public funds, not included within the terms of section 3 of this act, shall be made or awarded only after public advertising for bids and bidding therefor, except as is provided otherwise in this act or specifically by any other law. No work, materials or supplies shall be undertaken, acquired or furnished for a sum exceeding in the aggregate $2,500.00 except by contract or agreement.
N.J.S.A. 40A:11-3 provides that purchases or contracts which do not exceed $2,500 may be awarded without bidding.
Apparently over the years Newark submitted this work to public bidding. In this litigation it takes the opposite position.
The function of removing the aforedescribed automobiles from the streets is a function that Newark could perform at an annual sum considerably in excess of $2,500. In lieu thereof it has elected to contract for this work. Obviously, the contractor who performs this work expects to make a profit, and accordingly bids to obtain the contract. In our judgment McKim v. South Orange, supra, dictates a result contrary to that of the trial court. In McKim the Village of South Orange adopted an ordinance allowing only a licensed scavenger to remove ashes and garbage, and then authorized only one license. The rates which the exclusive licensee was permitted to charge the householder were, as in the instant case, regulated by the municipality. The exclusive licensee paid only $1 for the annual license. The ordinance was invalidated. The court there said at:
*93 The work has been costing the municipality more than $75,000.00 per year; and the cost under the proposed method will be but little, if any, less than that. Certainly the aggregate of such moneys to be paid to and received by the scavenger will greatly exceed the sum of $1,000, which is the cost limit for contracting without public bidding, R.S. 40:50-1, N.J.S.A., incorporated by reference in R.S. 40:66-4, supra. Obviously, the village could not contract directly for the doing of the work without calling for bids. The proposed method is, we think, in violation of a public policy, implicit in these and other statutes, that public work exceeding a limited sum shall not be awarded except upon advertisement and to the lowest responsible bidder. The evils attendant upon an award without open bidding are not less under license than under direct contract. Splitting the total cost among the property-users by a system that leaves to them no choice but to incur and pay the expense does not alter the fact that in essence an award of public work at a price of many thousands of dollars is being made to a private contractor without competition in bidding. Granted that refuse disposal has a direct bearing upon public health; the legislature has nevertheless declared the above mentioned public policy with respect thereto. [133 N.J.L. at 473]
Newark contends that in McKim the Village of South Orange was properly stopped from paying money indirectly without public bidding. However, in the instant case Newark would receive money. Hence there would be no expenditure of public funds whether Newark or a private contractor performs the work. We do not accept this rationale. The towing and storage of the vehicles is performed under the police power of Newark. If it were to perform the work it would first expend funds before any money would be realized in a reclamation or auction sale. Rather than do the work itself, Newark has elected to contract for the performance of the same, but in such instance McKim mandates public bidding. Simply because Newark by virtue of the proposed contract is passing the charge on to the owner, does not alter the basic fact that the work is being performed for Newark by the contractor.
In Marangi Bros., Inc. v. Board of Commissioners, Ridgewood, 33 N.J. Super. 294, 303 (App.Div. 1954), the court, in upholding the validity of an ordinance authorizing an exclusive license agreement to collect garbage, distinguished McKim, stating:
*94 The impression to be gathered from the Supreme Court is that the basic vice of the South Orange ordinance resided in the absence of competitive bidding. Such bidding is sacrosanct in New Jersey, designed as it is to secure economy in government, avoid favoritism and corruption and protect the lowest responsible bidder.
Statutes calling for public bidding are for the benefit of the taxpayers and not the bidders. They should be construed with sole reference to the public good and rigidly adhered to by the court to guard against favoritism, improvidence, extravagance and corruption. Hillside Tp. v. Sternin, 25 N.J. 317, 322 (1957).
In our judgment the trial court's narrow construction of N.J.S.A. 40A:11-4 is unwarranted, and in derogation of the salutory policy requiring competitive public bidding.
Reversed and remanded for further proceedings consistent with this opinion.