125 N.J. Super. 440 (1973)
311 A.2d 390
WILLIAM M. YOUNG & CO., INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
WEST ORANGE REDEVELOPMENT AGENCY AND THE CLEVELAND WRECKING CO., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1973.
Decided November 15, 1973.
*442 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Matthew J. Scola argued the cause for appellant West Orange Redevelopment Agency.
Mr. Jeffrey Barton Cahn argued the cause for appellant The Cleveland Wrecking Company (Messrs. Sills, Beck, Cummis, Radin & Tischman, attorneys).
Mr. Donald S. Goldman argued the cause for respondent (Messrs. Goldman, Goldman & Caprio, attorneys).
PER CURIAM.
Plaintiff instituted this action in lieu of prerogative writs seeking to nullify the award by defendant West Orange Redevelopment Agency (Agency) of a demolition contract to Cleveland Wrecking Co. (Cleveland). Cleveland did not file an answer but moved for summary judgment on the return date of the order to show cause.
The facts are not in dispute. On or about October 27, 1972 Agency advertised for bids for demolition work in conjunction with an urban renewal project. The bids were to be received and opened on December 15, 1972 at 2 P.M. The invitation to bid specifically reserved the right to "waive any informalities in the bidding."
December 15, 1972 was windy, with a day-long mixture of snow and rain. As a result of the weather the Cleveland representative who was traveling from Sharon Hill, Pa., was delayed. He called the Agency shortly before 2 P.M. and informed the Agency that he was nearby and would arrive momentarily but probably after the deadline. At the time of the phone call no bids had been opened. After conferring with counsel, but over the objections of other bidders present, the executive director of the Agency decided to *443 await the arrival of the Cleveland representative. The Cleveland representative arrived at 2:02 P.M. and all bids were opened shortly thereafter.
Cleveland, which submitted a bid of $387,000, was low bidder and was awarded the contract on January 11, 1973 after a responsibility investigation. Young was the next lowest bidder at $472,310.
The trial judge held as a matter of law that N.J.S.A. 40A:11-23 did not allow the Agency to waive the advertised 2 P.M. deadline, and entered final judgment ordering the Agency to award the contract to Young. Operation of the judgment was stayed pending appeal.
The primary issue is whether the completion of the reception of bids may be delayed for a short period of time notwithstanding the statutory mandate of N.J.S.A. 40A:11-23 that no bids shall be received after the time designated in the advertisement. The statutory policy of the Local Public Contracts Law (N.J.S.A. 40A:11-1 et seq.) is identical to its predecessor, N.J.S.A. 40:50-1 et seq., in that the purpose of bidding is to benefit the taxpayers by securing competition and guarding against favoritism, improvidence, extravagance and corruption. Trap Rock Industries v. Kohl, 59 N.J. 471, 479 (1971); Home Owners Construction Co. v. Glen Rock, 34 N.J. 305, 315 (1961); Hillside Tp. v. Sternin, 25 N.J. 317, 322 (1957) (all interpreting predecessor statute). While the statutory regulations of bidding are to be strictly observed, the application and construction of the statute should be such as to further, not frustrate, the legislative goals in establishing competitive bidding.
Hillside v. Sternin, above, although dealing with the former public bidding law, provides an analysis which retains validity for the present statute. In Hillside the Supreme Court noted that questions of compliance with regulations should be considered with reference to the goal of competitive bidding, i.e., that all bidders be placed on equal footing. *444 Thus, material departures from the bidding terms cannot be tolerated if the mandate for equality among bidders is to be preserved. In Hillside the bidding party neglected to submit the required deposit with his bid. Considering the deposit requirement as materially affecting the competitive process, the court would not allow waiver. Compare: Hanover Tp. v. International Fidelity Ins. Co., 122 N.J. Super. 544, 551 (App. Div. 1973), where there had been substantial compliance with a bid bond requirement which we found made Hillside inapposite; and also, Bryan Construction Co. v. Board of Trustees, etc., Montclair, 31 N.J. Super. 200 (App. Div. 1954) (difference between a certified check and a bid bond insignificant since competition was not impaired).
There are no cases directed to the question of whether the time requirement is an informality subject to waiver. Pangia Const. Co. v. Cinnaminson Tp., 136 N.J.L. 284 (Sup. Ct. 1947), did not reach the question because of plaintiff's negligence and laches. The bidding in Kingston Bituminous Products Co. v. New Jersey Turnpike Authority, 80 N.J. Super. 25 (App. Div. 1963), was not governed by a bidding statute similar to the statute applicable here. However, Kingston did consider the impact which a delay in receipt and opening of bids would have on the competitive nature of the bids, and on facts analogous to this case held that the delay did not destroy the bidders' equal standing.
Under the facts here, it cannot be argued seriously that the bidders other than Cleveland were disadvantaged competitively by waiting two or possibly seven minutes. There is not the slightest suggestion of fraud or collusion. In making this observation we do not imply that in every case time is an informality and subject to waiver. Under the circumstances presented here we view the delay as a minor irregularity which was properly waived by the Agency under its inherent discretionary power ancillary to its duty to secure, through competitive bidding, the lowest responsible *445 offer. Bryan Const. Co. v. Board of Trustees, etc., Montclair, above.
In view of our determination of the time issue, we find it unnecessary to pass on the other issue raised as to the propriety of the award to the next lowest bidder by the trial judge. We observe, however, that we find nothing in the record which supports that exercise of jurisdiction by him.
The judgment of the Law Division is reversed and the cause remanded for entry of judgment dismissing the complaint.