132 N.J. Super. 480 (1975)
334 A.2d 337
PIED PIPER ICE CREAM, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
ESSEX COUNTY PARK COMMISSION, A BODY POLITIC OF NEW JERSEY, AND GOOD HUMOR CORP., INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 1975.
Decided February 20, 1975.
*482 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Adrian M. Unger argued the cause for appellant (Messrs. Milton M. and Adrian M. Unger, attorneys; Mr. Jack J. Stecher on the brief).
Mr. John J. McDonough argued the cause for respondent Essex County Park Commission (Mr. Lawrence Koenig on the brief).
The opinion of the court was delivered by LEONARD, P.J.A.D.
Plaintiff in this action in lieu of prerogative writs seeks to set aside a resolution of defendant Essex County Park Commission (Commission), dated March 14, 1973, awarding defendant Good Humor Corporation (Good Humor) the right to sell ice cream and related refreshments throughout the Essex County Park system and to declare null and void the March 30, 1973 contract entered into between them pursuant to said resolution.
The factual and procedural background is fully set forth in the opinion of the trial court reported at 126 N.J. Super. *483 301 (Law Div. 1974), and no useful purpose will be served by a full repetition thereof. We merely note that the record indicates that the Commission received informal bids from plaintiff and Good Humor. The former offered to pay 16% commission of gross sales and the latter 12 1/2%. The Commission, following a "review and evaluation" by its superintendent of recreation and his assistant, determined that Good Humor "would best serve the needs of the Commission and the public." Accordingly, Good Humor's proposal was accepted and a three-year contract was awarded to it. Plaintiff's request for a Commission hearing was denied.
Following a trial upon stipulations, affidavits, depositions, exhibits and memoranda of law, plaintiff appeals from a judgment of dismissal of its action.
The central issues involved on this appeal are (1) whether the Local Public Contracts Law (N.J.S.A. 40A:11-1 et seq.) applies to the Commission, and (2) if it does, whether this law is applicable to the instant contract.
Section 3 of the law (N.J.S.A. 40A:11-3) provides that "a contracting unit" may make; negotiate or award a contract, as therein described, which does not exceed in the aggregate the sum $2500 in a fiscal year, without public advertising for bids and bidding therefor. On the other hand, § 4 (N.J.S.A. 40A:11-4) mandates that every such contract, not included in § 3, "shall be made or awarded only after public advertising for bids and bidding therefor."
Section 2 (N.J.S.A. 40A:11-2) of the law includes among "Definitions" the following:
(1) "Contracting Unit" means

* * * * * * * *
(c) Any board, commission * * * department, branch, * * * of any county * * *.
It is conceded that the Commission was created pursuant to N.J.S.A. 40:37-96 to 174 and that it consists of five members appointed by the Essex County Board of Freeholders. *484 Thus, we find that it is a "contracting unit," as above defined, and it is bound by the compulsory bidding provisions of the Local Public Contracts Law. Cf. Harms Exc. Co. v. Monroe Tp. Mun. Util. Auth., 118 N.J. Super. 496 (Law Div. 1972).
Next we consider Commission's contention that these compulsory bidding provisions of the Local Public Contracts Law are not applicable to the instant contract. It rests its position upon the arguments that (1) it is not contracting for the performance of any work, or the furnishing or hiring of any materials or supplies, the cost of which is to be paid with or out of public funds; (2) the sale of ice cream products to the public in the park system is a discretionary endeavor and is not one that the Commission is legally obligated to perform by virtue of its police powers, and (3) § 5(1) (f) (N.J.S.A. 40A:11-5) excepts from the compulsory bidding provisions any contract or agreement if the subject matter thereof consists of the "purchase of perishable foods as a subsistence supply." This contention and the arguments raised in support thereof are without merit.
At the outset it is to be noted that the statutory policy of the Local Public Contracts Law (N.J.S.A. 40A:11-1 et seq.) is identical to its predecessor, N.J.S.A. 40:50-1 et seq., in that the purpose of bidding is to benefit the taxpayer by securing competition and guarding against favoritism, improvidence, extravagance or corruption. Young v. West Orange Redev. Agency, 125 N.J. Super. 440, 443 (App. Div. 1973). The application and construction of this statute should be such as to further, not frustrate, the legislative goals in establishing competitive bidding. Id.
Kurman v. Newark, 124 N.J. Super. 89 (App. Div.), certif. den. 63 N.J. 562 (1973), involved the awarding of a contract by Newark to a private company for the removal from the public streets and the storage of stolen or abandoned motor vehicles. The contractor's compensation would come from those reclaiming the vehicle or from an auction sale of the vehicles. We held that the Local Public Contracts Law *485 was applicable to that contract even though there would be no expenditure of public funds, since Newark would be receiving money and not paying any out. In so holding we said, "Simply because Newark by virtue of the proposed contract is passing that charge onto the owner, does not alter the basic fact that the work is being performed for Newark by the contractor." Id. 124 N.J. Super. at 93.
Likewise, in Schnell v. Millburn, 127 N.J. Super. 155 (App. Div.), aff'd 66 N.J. 137 (1974), we held that the compulsory bidding act applied to a municipal contract with a private company for the installation and maintenance of an alarm panel in the municipal police department, even though the cost thereof was to be paid by the contractor, which in turn would recover the same plus an anticipated profit from payments made by individual subscribers to the system. In making this determination the court said:
To argue that it is within the power of the municipality to provide the convenience and added protection of burglar alarm panels, and that because the municipality is in nowise obligated to provide this service or convenience it is therefore exempt from the requirement of competitive bidding, is to ignore the reason for the existence of competitive bidding. If the purpose of competitive bidding is to guard against favoritism, improvidence, extravagance and corruption, Hillside v. Sternin, 25 N.J. 317, 322 (1957), we fail to see why the fact that the service to be performed by a private contractor is not required by law to be performed by the municipality should exempt it from the competitive bidding requirements of N.J.S.A. 40:48-5 when the cost of the service is passed directly to the consumer and not paid directly out of the municipal treasury. It seems apparent that the same problems as those sought to be prevented or controlled by the Legislature with respect to mandatory services would as readily arise with respect to discretionary services. [127 N.J. Super. at 159, emphasis supplied]
Thus, even though the supplying of ice cream products is a discretionary service and not one that the Commission is obligated to perform, it is our opinion that the Local Public Contracts Law (N.J.S.A. 40A:11-4) mandates that a contract to perform such service may only be awarded to the highest bidder after public advertising for bids and *486 bidding therefor. Furthermore, the Commission may reject the highest bid only after affording a hearing to the highest bidder and finding upon the basis of the evidence adduced thereat that said bidder is not "responsible." Stamato & Co., Inc. v. Vernon Tp., 131 N.J. Super. 151, 156 (App. Div. 1974).
Although some of the earlier cases seemingly confine "police power" to such regulations as are needful for the public health, the public safety and the public morals, such measures as are fairly requisite for the "public convenience" and the "general prosperity" are now considered within that category. Schmidt v. Bd. of Adjustment, 9 N.J. 405, 415 (1952). Thus, in furtherance of the legislative goals in establishing public bidding, we hold that the service to be rendered in the instant case is one which is within that broad concept of "police power."
Finally, we find that N.J.S.A. 40A:11-5(1) (f) is inapplicable.
Based upon the above, we conclude that the procedure utilized by the Commission for the receipt of bids from plaintiff and Good Humor was contrary to law and that the contract awarded by it pursuant thereto to Good Humor is null and void. In the event the Commission desires to award a new contract for the sale of ice cream products within the park system, it shall do so in full accordance with the provisions of the Local Public Contracts Law (N.J.S.A. 40A:11-4).
Accordingly, the judgment entered in favor of the Commission and Good Humor is reversed and the matter is remanded to the trial court for the entry of a judgment in accordance herewith.