437 A.2d 746

**Daniel R. ROTHERMEL, Appellant,**

v.

**William B. McLAUGHLIN, M.D. and Suburban General Hospital.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed June 19, 1981.

Reargument Denied Dec. 14, 1981.

Ronald P. Koerner, Pittsburgh, for appellant.

David R. Johnson, Pittsburgh, for McLaughlin, appellee.

George M. Weis, Pittsburgh, did not file a brief on behalf of Suburban General, appellee.

Before PRICE, HESTER and BROSKY, JJ.

PER CURIAM:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County denying appellant plaintiff's motion for a new trial. The procedural history and facts relevant to the issues on appeal are as follows:

Appellant sustained comminuted fractures on both humeri and femora in addition to shock and multiple contusions as the result of an automobile collision which occurred on Ohio River Boulevard, June 12, 1974. He was taken to Suburban General Hospital where he became a patient of appellee, Dr. William B. McLaughlin, a Board certified orthopedic surgeon. He was transferred to St. Francis General Hospital in Pittsburgh on August 12, 1974.

Dr. McLaughlin treated the aforedescribed injuries by performing closed reductions on appellant's humeri and treated the femora fractures with traction. Following his transfer to Saint Francis Hospital, appellant underwent numerous operations while a patient of Drs. Novak, Wissinger, Worrall and Leslie. Appellant instituted this malpractice suit against Dr. McLaughlin and Suburban General Hospital alleging that the doctor had caused permanent bilateral radial nerve palsy in his right hand and wrist by performing closed reductions on the humeri, and that the 2½ inch shortening of his left leg was a result of the doctor's failure to perform open reduction and rodding or nailing the femur during the two month period appellant was his patient.

Appellant's expert medical witness Norton Hering, M.D., testified that the defendant physician was negligent in his treatment of appellant which he described as archaic and substandard and that appellant would not have had to be transferred to St. Francis Hospital if he had received proper care while a patient at Suburban General. Appellant's treating physicians were called to establish the medical treatment he received after leaving Dr. McLaughlin's care as well as to describe the extent and permanency of his injuries. Appellant's counsel limited his direct examination of these witnesses so as to avoid the issue of causation. On cross-examination of one treating physician, Dr. Joseph No-

vak, defense counsel inquired as to whether shortening of the leg was a foreseeable consequence of a comminuted fracture of the femur. The trial court over objection permitted the witness to answer the question. The same procedure was followed as to the deposition of V. T. Worrall, M.D., one of appellant's treating physicians, who was deposed by appellant and who answered questions over objection as to causation on cross-examination. At trial, appellant asked the court to strike the cross-examination and when the court refused, appellant did not introduce the testimony. Appellee then introduced the deposition over objection in his own case. A compulsory non-suit was granted as to Suburban General Hospital and the jury verdict was in favor of appellee McLaughlin. This appeal followed the trial court's denial of appellant's motion for a new trial.

Appellant contends the trial court erred in permitting appellee's counsel to cross-examine appellant's treating physicians on the issue of causation when this was beyond the scope of direct examination.

Our Supreme Court has held that cross-examination must be germane to the direct examination unless the witness is one of the litigants. *Woodland v. Philadelphia Transportation Company,* 428 Pa. 379, 288 A.2d 593 (1968); cross-examination should have been limited to the scope of the direct. Appellee's argument that the appellant failed to individuate the damages attributable to the alleged malpractice entitled him to inquire as to causation is meritless. *McGuire v. Hamler Coal Mining Company,* 355 Pa. 160, 49 A.2d 396 (1946). Our review of the record indicates appellant's expert witness, Norton Hering, did testify that further treatment at St. Francis Hospital would have been unnecessary if appellant had received the proper medical care originally. Appellee could have called any of appellant's treating physicians as defense witnesses. Instead, the cross-examination as to causation improperly permitted the appellee to elicit prejudicial defense testimony from appellant's witnesses then argue that the testimony was elicited from appellant's own witnesses. *Stawczyk v. Ehrenreich,* 191 Pa.Super. 195,

156 A.2d 371 (1959). Admission of the deposition testimony of V. T. Worrall with the improper cross-examination had the same effect because appellant had deposed Dr. Worrall prior to trial.

Accordingly, the order of the trial court is reversed and the case is remanded for a new trial as to appellee McLaughlin only.